ADAM E. SPURCK, APPELLEE, v. THE LINCOLN & NORTHWESTERN RAILROAD COMPANY, APPELLANT.

1. **Railroads:** DONATIONS IN AID OF. Under our law, public donations to aid in the building of railroads can be made only by the people themselves, by means of an election properly called and held.

2. ———. The people cannot delegate to the county commissioners the authority to determine which of two companies shall be the recipient of aid voted.

APPEAL from Butler county, where an injunction had been granted by GEORGE W. POST, J., enjoining the registration of $53,000 coupon bonds of Butler county, and Spurk precinct bonds to the amount of $8,500, and ordering the defendant railroad company to deliver up said bonds, and canceling and annulling the same.

*Marquett & Deweese,* for appellant.

The donation was good, and commissioners had power to determine which of the two companies should receive the aid. *Lews v. The County Com.,* 12 Kan., 206. *Land Grant Railway v. Commissioners,* 6 Kan., 256.

*R. M. Sibbett* and *D. G. Courtnay,* for appellee, cited: *Jones v. Hurlburt,* 13 Neb., 125. *People v. Tazewell Co.,* 22 Ill., 147. *People v. Smith,* 45 N. Y., 772. *Marsh v. Fulton Co.,* 10 Wall., 677. *Gulf R. R. v. Marshall Co.,* 12 Kan., 230. *Bamburg v. Commissioners,* 41 Ind., 502. *Monadnock R. R. v. Peterborough,* 49 N. H., 281.

LAKE, CH. J.

In one particular this case is clearly within the operation of the rule of our decision in *Jones v. Hurlburt,* 13 Neb., 125, under which the delivery of certain bonds was enjoined. In this case, as in that, the propositions submitted to a vote of the people and adopted, were in the alternative—to aid one railroad company or the other. In this case the propositions, both county and precinct, were: "Shall the county commissoiners of Butler county be authorized to issue and give to the Lincoln & Northwestern Railroad Company, or the Blue Valley & Northwestern Railroad Company," the proposed aid? "The whole amount of said bonds to be issued and given to one of the aforesaid railroad companies upon the following conditions, and none other: That one of said companies shall construct a railroad from a point on the south line of the county of Butler, in the valley of the Blue river, running thence north *via* the towns of Ulysses and David City, thence north-west to the north line of said Butler county," etc.

Under our law, public donations of the character here proposed can be made only by the people themselves, by

O. & R. V. R. R. Co. v. Martin.

means of an election properly called and held. But it appears that in this case, the people have not said that the Lincoln & Northwestern Railroad Company should be the recipient of their aid. This was done by the county commissioners, who, according to our holding in *Jones v. Hurlburt*, could not lawfully do it, for the reason that the authority to name the donee was entrusted by the constitution to the people alone, and could not be delegated by them. Therefore, in issuing these bonds, the commissioners exceeded their powers, and it was a void act. It necessarily follows from this, that the plaintiff is entitled to the relief against the certification of these bonds, which he seeks. The defendant had notice of the want of authority on the part of the commissioners, and is therefore not in a situation to complain of this result.

Of the other points made by the plaintiff's counsel, we will only say that we see nothing in them which should be held to invalidate the bonds. The irregularities shown in the action of the commissioners, and attending the making up of the record, although perhaps justly censurable, are not sufficient in our estimation to invalidate bonds duly authorized by a vote of the people, and otherwise legally issued.

JUDGMENT AFFIRMED.