THE STATE OF NEBRASKA, EX REL. ABBY GARDNER, V. EDWARD P. ROGGEN ET AL.

1. **Internal Improvements:** PROPOSITION TO VOTE BONDS. A proposition submitted to the voters of a county in which it is proposed to vote the bonds of such county to a railroad company must designate the donee.   A proposition in the alternative, to issue to a certain corporation named *or* to another designated corporation, is ineffectual to authorize the issuing of bonds, even if adopted by the legal voters.

2. ———: CERTIFICATE ON BONDS.   Bonds issued by a county as a donation to a railroad company are invalid unless they have endorsed thereon a certificate, signed by the secretary and auditor of state, showing that they were issued pursuant to law.

ORIGINAL application for mandamus.

*J. R. Gilkerson, G. M. Lambertson,* and *J. M. Woolworth,* for relator.

*J. C. Cowin,* for respondent.

MAXWELL, CH. J.

This is an application for a mandamus to compel the defendants to certify the following bond alleged to have been

issued by the proper authorities of Butler county. The bond is in the words and figures following:

"No. 3.    UNITED STATES OF AMERICA,    $500.
"STATE OF NEBRASKA,    COUNTY OF BUTLER.

"RAILROAD BOND.

"Know all men by these presents: That the county of Butler, in the state of Nebraska, acknowledges itself indebted and justly bound to pay, and promises to pay to the Lincoln and Northwestern Railroad Company, or bearer, the sum of five hundred dollars, lawful money of the United States of America, at the office of the county treasurer of Butler county, twenty years from the date hereof, with interest from July 1st, 1879, at the rate of eight per cent per annum, payable annually on the first day of July in each year, from and after the date hereof, on the presentation and surrender, as they fall due, of the interest coupon notes annexed.

"This bond is one of a series of one hundred and six bonds of like tenor and date, amounting in the aggregate to fifty-three thousand dollars, executed and issued to the Lincoln and Northwestern Railroad Company, or bearer, as a donation made by said county to aid in the construction and completion of a railroad from a point on the south line of Butler county, running thence to a point on the north line of said county, *via* Ulysses and David City.

"This bond is authorized by more than a two-thirds vote of the legal voters of said county, voting at an election legally called and held under and by virtue of an order of the county commissioners of said county; dated on the 1st day of May, A.D. 1879, and in pursuance of an act to enable counties, cities, and precincts to borrow money on their bonds to aid in the construction of works of internal improvement in this state, and to legalize bonds already issued for such purpose, passed February 15th, 1869, and the resolution of the board of county commissioners,

and a two-thirds vote of the electors of Butler county, at an election legally called and held for that purpose.

" In witness whereof, the said Butler county has caused this bond to be signed in its behalf by the chairman of the county commissioners of said county, attested by the clerk, and the seal of said county to be affixed, at the office of the county clerk in the county of Butler, state of Nebraska, this first day of July, A.D. 1879.

" B. F. ROLPH,
" *County Clerk.*

[SEAL.]                    " ADAM HALL,
           " *Chairman County Commissioners.*"

The proposition under which the bond was issued was as follows :

" PROPOSITION FOR RAILROAD BONDS AND TAX.

" By virtue of authority in us vested by an act of the legislature of the state of Nebraska, entitled " An act to enable counties, cities, and precincts to borrow money on their bonds to aid in the construction or completion of works of internal improvement in this state, and to legalize bonds already issued for such purposes," approved February 15, 1869, and the acts of the legislature of said state amendatory thereof, we, the county commissioners of Butler county, in the state of Nebraska, for the purpose of aiding the construction of a railroad from some point on the south line of said county to a point on the north line of said county via Ulysses and David City, do hereby submit to the legal voters of said county of Butler, to be voted upon by them at a special election, which is hereby called to be held on the 5th day of June, A.D. 1879, at the usual places of voting in the several precincts of said county, the following propositions or questions, that is to say :

" Shall the county commissioners of Butler county, in the state of Nebraska, be authorized to issue and give to

the Lincoln & Northwestern Railroad Company, or the Blue Valley & Northwestern Railroad Company, fifty-three thousand dollars of the coupon bonds of Butler county, to be dated the 1st day of July, A.D. 1879, bearing interest from date at the rate of eight per cent per annum, the interest payable annually at the office of the county treasurer of said county of Butler, and the principal to become due and payable in twenty years from the date of said bonds; and, in addition to the usual taxes, shall the proper officers be authorized to levy a special tax on all the taxable property within said county sufficient to pay the annual interest on said bonds as the same shall become due, and after the expiration of ten years from the date of said bonds shall the proper officers be authorized to levy a tax in like manner upon all the taxable property within said county in addition to all other taxes sufficient in amount to create a sinking fund for the purpose of paying at maturity the principal of said bonds. The whole amount of said bonds to be issued and given to one of the aforesaid companies upon the following conditions and none other. That one of the said railroad companies shall construct, maintain, and operate a railroad of the standard gauge from some point on the south line of the said county of Butler in the valley of the Blue river, running thence north-east via the town of Ulysses to David City, thence north-east to the north line of said county of Butler, and shall also locate and establish and maintain a freight and passenger station or depot within the distance of a half of a mile of the public square of the town of Ulysses, and shall also locate and establish and maintain a freight and passenger depot within the distance of one-fourth of a mile of the public square in David City. Said railroad shall be completed to the extent to have regular daily trains running thereon to David City by the first day of April, A.D. 1880, and shall be completed to the same extent to the north line of said county by the first day of June,

1880. All of said bonds shall be issued on the first day of July, A.D. 1879, or as soon thereafter as practicable, and shall be placed in the hands of a disinterested person as trustee, said trustee to be agreed upon by the commissioners of said county and the railroad company aforesaid which shall build the line of railroad aforesaid, and shall be delivered by said trustee to either of the said railroad companies above named, which shall construct said road, as follows, to-wit:' thirty-three thousand dollars of such county bonds shall be delivered by said trustee when the line of railroad aforesaid shall be constructed and completed and trains running thereon to David City, and twenty thousand dollars of such county bonds shall be delivered by said trustee when said railroad shall be constructed and completed and trains running thereon to the north line of Butler county.

"The said commissioners shall not be authorized to issue the bonds aforesaid unless one of the railroad companies above named shall, on or before the first day of July, 1879, file in the office of the county clerk of said county its acceptance in writing of the bonds herein provided for, should the same be authorized to be issued by the legal voters of said county, and the company so filing its acceptance shall be entitled to have said bonds issued to it and placed in the hands of a trustee as above provided, and to be delivered by said trustee to said company upon its compliance with the conditions aforesaid. In the event of either of the said railroad companies shall fail to build the line of railroad above specified, within the time aforesaid, then and in that case such bonds shall be returned by the trustee to the county commissioners of said county and said bonds shall be canceled. At the time of delivery of said bonds to the company building said railroad, enough coupons shall be detached therefrom so that said bonds shall only draw interest from the day the said company shall be entitled to the same, and the coupons so detached shall be

returned by said trustee to the county commissioners of said county for cancellation.

"The vote to be had and taken on the foregoing proposition shall be by ballot and the ballots cast at said election shall have written or printed thereon the following :

"For Railroad Bonds and Tax, Yes.

"For Railroad Bonds and Tax, No.·

"If two-thirds or more of the ballots cast at said election shall have written or printed thereon the words "For railroad bonds and tax, yes," then said county commissioners shall be authorized and empowered to issue bonds as aforesaid."

Section II., article XII. of· the constitution, provides that, "No bonds or evidence of indebtedness issued by a city or county as a donation to a railroad or other works of internal improvement shall be valid unless the same shall have endorsed thereon a certificate signed by the secretary and auditor of the state, showing that such bonds are *issued pursuant to law.*"

The bond in question seems to have been sold without the certificate above required having been endorsed thereon. The plaintiff claims to be an innocent purchaser of such bond and to have paid full value therefor, and the testimony shows that she had no actual knowledge of the constitutional requirement above copied, when she purchased said bond. The first question presented is, whether the bond in question was issued pursuant to law? It will be observed that the proposition which it is claimed authorized the issuance of this and the other like bonds was, "Shall the county commissioners of Butler county in the state of Nebraska be authorized to issue and give to the Lincoln and Northwestern Railroad Company *or* the Blue Valley and Northwestern Railroad Company fifty-three thousand dollars of the county bonds of Butler county?" Also, that "the whole amount of said bonds to be issued and given to one of the aforesaid railroad companies upon the following conditions and none other : That one of said rail-

road companies shall construct, maintain, and operate a railroad of the standard gauge from some point on the south line of the said county of Butler in the valley of the Blue river, running thence north-east via the town of Ulysses to David City, thence north-west to the north line of said county of Butler," etc.

The proposition is in the alternative, and in the same form as in *Jones v. Hurlburt*, 13 Neb., 125. In that case Judge Cobb, in delivering the opinion of the court, says, pp. 136–7: " The language of our constitution is: ' No city, county, town, precinct, municipality, or other subdivision of the state, shall ever make donations to any railroad or other works of internal improvement, unless a proposition so to do shall have been first submitted to the qualified electors thereof at an election by authority of law.' There cannot be a donation without a donee, and there can be no doubt of this proposition, that a grant to two persons or corporations in the alternative is insufficient to pass title in the thing granted, unless there is power somewhere to elect between such two persons or corporations as to which shall receive it. Here is a donation, in terms, to ' the Lincoln and Northwestern Railroad Company or the Blue Valley and Northwestern Railroad Company.' Who has the power to choose between these two corporations? Certainly not the county commissioners, for, as in the New Hampshire case [*Peterborough Railroad v. Peterborough*, 49 N. H., 281], the voters of the precinct could no more delegate this power to the county commissioners than they could the power to make the donation in the first instance. Indeed, in the case at bar there is no claim that power to designate which one of these corporations shall be the recipient of this donation has been delegated to or lodged in any one. The voters certainly have not designated who shall be the donee of their bounty, and hence the conclusion is irresistible that the grant remains imperfect and abortive for the want of a specific and certain grantee."

In *Spurck v. L. & N. W. R. R. Company,* 14 Neb., 293, which was an action to enjoin the defendant from registering the bond in question with others of like character, it was held that under our law public donations to aid in the building of railroads can be made only by the people themselves by means of an election properly called and held, and that the people cannot delegate to the county commissioners the authority to determine which of two companies shall be the recipient of aid voted. These cases, in our view, state the law correctly, and there being no donee named in the proposition, the election was ineffectual to authorize the issuing of the bond in question and others of like character. The relator contends that the donation was to the *work* and not to a railroad company, but an examination of the proposition will show that this position is incorrect.

2. Our constitution requires bonds issued by a city or county. as a donation to a railroad to have a certificate from the auditor and secretary of state endorsed thereon that such bonds were issued pursuant to law. This is an imperative requirement, without which the bonds are incomplete on their face, and a purchaser thereof is not protected. The constitution, in effect, declares that bonds not certified shall be invalid and of no effect. *State v. Babcock,* 19 Neb., 223. *State v. Babcock,* Id., 230. The object of this provision was to prevent the fraudulent and surreptitious issuing of bonds, and placing them on the market, and while the certificate does not have a conclusive effect as against the municipality issuing the bonds so as to prevent proof of their invalidity, yet such bonds are not complete on their face until so certified. It follows that the bonds being incomplete, the plaintiff is not protected as an innocent purchaser. The writ is therefore denied and the proceeding dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.