JAMES E. NORTH V. PLATTE COUNTY ET AL.

[FILED APRIL 30, 1890.]

1. **Counties:** RAILROAD BONDS: VOIDABLE ISSUE: INNOCENT PURCHASER. A proposition to issue county bonds to aid in the construction of a railroad was "to issue and give to the Lincoln & Northwestern Railroad Company, or the Blue Valley & Northwestern Railway Company, one hundred thousand dollars of the coupon bonds of said Platte county," etc., was submitted to the voters of Platte county and adopted by the requisite majority, and the bonds issued, duly certified, and delivered to the Lincoln & Northwestern Railroad Company, which built the proposed railroad. *Held,* That while the issuing and delivering of bonds voted under an alternative proposition would be enjoined if timely application was made for that purpose, yet as by the terms of the proposition the commissioners were authorized to issue and deliver the bonds to the one of the companies named which should build the road, and having complied with such apparent authority, their action in the premises was voidable and not void. In other words, the bonds were liable to be set aside at any time before they were duly certified and had passed into the hands of an innocent purchaser for value.

2. ——: ——: LACHES: INJUNCTION DENIED. Where there has been great delay in bringing an action, relief may be denied, where, had the application been seasonably made, it would have been granted.

ORIGINAL application for injunction.

*A. J. Poppleton,* and *Charles A. Speice,* for plaintiff:

Municipal bonds issued without power clearly conferred by law are void and holders are chargeable with notice.

(*Marsh v. Fulton Co.*, 10 Wall. [U. S.], 676; *East Oak-land v. Skinner*, 94 U. S., 255; *Lewis v. Shreveport*, 108 Id., 282; *Ogden v. Daviess Co.*, 102 Id., 634; *Dixon Co. v. Field*, 111 Id., 83; *Jones v. Hurlburt*, 13 Neb., 130; *Spurck v. R. Co.*, 14 Id., 293.) Registration gives no validity. (*State v. Alexander*, 14 Neb., 284; *Northern Bank v. Porter Twp.*, 110 U. S., 608; *Dixon Co. v. Field, supra.*) The county or its taxpayers are not estopped by acquiescence from questioning validity of bonds. (Bishop, Contracts, secs. 2814 293, 295; *Platt v. Scott*, 6 Black [U. S.], 389; *Hart v. Bullion*, 48 Tex., 278; *Hoover v. Kilander*, 83 Ind., 420; *Plummer v. Farmers' Bank*, 90 Id., 386; *Carey v. Dunsmore*, 58 N. H., 357; *R. Co. v. Dubois*, 12 Wall. [U. S.], 47, 63; *Ketchum v. Duncan*, 96 U. S., 659, 666.)

*William Leese, Attorney General, J. M. Woolworth,* and *M. B. Reese, contra,* cited, as to the acquiescence and laches of plaintiff: *Supervisors v. Schenck*, 5 Wall. [U. S.], 772; *Clay Co. v. Society for Savings*, 104 U. S., 587; *Johnson v. Stark Co.*, 24 Ill., 90; *Keithsburgh v. Frick*, 34 Id., 421; *Com. v. Pittsburgh*, 43 Pa. St., 391; *Steines v. Franklin Co.*, 48 Mo., 167; *Bradley v. Franklin Co.*, 65 Id., 638; *Burr v. Carbondale*, 76 Ill., 455; *Bank v. Concord*; 50 Vt, 257; *New Orleans v. Clark*, 95 U. S., 644; *Ritchie v. Franklin Co.*, 22 Wall. [U. S.], 67; *Bissell v. Jeffersonville*, 24 How. [U. S.], 287; *Aurora v. West*, 7 Wall. [U. S.], 82; *Wilson v. Salamanca*, 99 U. S., 499; *Moutrie v. Fairfield*, 105 Id., 370; *San Antonio v. Mehaffy*, 96 Id., 312; *Brooklyn v. Ins. Co.*, 99 Id., 362; Vol. 10 Am. & Eng. Encyc. of Law, 802; *Dulin v. Caldwell*, 28 Ga., 117; *Amer., etc., Imp. Co. v. Trustees, etc.*, 35 N. J. Eq., 259; *Fuller v. Melrose*, 1 Allen ['Mass.], 166; *Tash v. Adams*, 10 Cush. [Mass.], 252; *Logansport v. La Rose*, 99 Ind., 117; *Chamberlain v. Lyndeborough*, 64 N. H., 563 [14 Atl. Rep., 855]; Clemens, Corp. Securities, p. 55; High, Injunctions, sec. 10; *Brown v. Milliken*, 42 Kan., 769 [23 Pac. Rep., 167].

MAXWELL, J.

This is an original action brought in this court to restrain the payment of interest coupons or bonds of Platte county issued in aid of the Lincoln & Northwestern Railroad Company.

It is alleged in the petition that "plaintiff is and for many years past has been the owner of real and personal estate situated and taxable in the county of Platte, and that he brings this action as well on his own behalf as on behalf of all other taxpayers similarly situated, who may come in and contribute to the expense of the suit. * * * That heretofore, to-wit, on the first day of January, 1880, the said county of Platte, by the board of county commissioners (it being at that time under the government and management of a board of county commissioners) issued and delivered either to the Lincoln & Northwestern Railroad Company, or to the Blue Valley & Northwestern Railway Company, $100,000, par value of the coupon bonds of said county of Platte, for the alleged purpose of aiding the construction of one of said railroads commencing at a point on the line of the then existing Atchison & Nebraska railroad and extending to the city of Columbus in said county of Platte; said coupon bonds being dated on the 1st day of January, 1880, bearing interest from the date thereof at the rate of eight per cent per annum, payable at the office of the county treasurer as provided by the terms and conditions of a proclamation hereafter set forth.

"Plaintiff further saith that the sole right, power, and authority upon and under which said coupon bonds were voted, issued, and delivered as aforesaid was a proposition dated May 6, 1879, issued and submitted to the voters of said county of Platte at an election called and held on the 14th day of June, 1879, which, among other things, provided that the question to be submitted should be: 'Shall

the county commissioners of Platte county, in the state of Nebraska, be authorized and required to issue and give to the Lincoln & Northwestern Railroad Company, or to the Blue Valley & Northwestern Railway Company, $100,000 of the coupon bonds of said Platte county, to be dated the first day of January, 1880, bearing interest from date at the rate of eight per cent per annum, the interest payable annually at the office of the county treasurer of the county of Platte?' Said proposition was carried and adopted by the requisite and lawful number of votes, and the said bonds were ordered issued and issued accordingly, and are still outstanding and unpaid. A true copy of said proposition so submitted as aforesaid, and under which said bonds were issued, is hereto attached and made a part of this petition and marked 'Schedule A.'

"Plaintiff further alleges and charges that said proclamation and proposition under which said bonds were voted was and is insufficient and illegal, and the adoption and approval conferred upon said county and its commissioners no power or authority to sign, seal, issue, and deliver said bonds to said railway companies, or either of them, or to any other person or corporation under the statutes of the state of Nebraska, and that said bonds and all thereof so issued and delivered as aforesaid are absolutely void for lack of power to make the same, both in the hands of the donee thereof and in the hands of whomsoever they may reach."

The authority of the commissioners of Platte county under the statute to submit a proposition to the voters of said county and of the electors thereof to authorize by their votes the issuing of bonds to a designated railroad company in the amount of $100,000 is not seriously questioned, but it is claimed upon behalf of the plaintiff that the bonds in question are void because the terms of the proposition were in the alternative, "to the Lincoln & Northwestern Railroad Company, *or* the Blue Valley & Northwestern Railway Company."

In *Jones v. Hurlburt*, 13 Neb., 126, which was an appeal from a decree of the district court of Seward county enjoining the delivery of the bonds of that county and of certain precincts therein upon the ground that the proposition to issue bonds in aid of certain railroads was in the alternative, it was held that the dual form of the proposition vitiated the election.

In *Spurck v. L. & N. W. R. Co.*, 14 Neb., 293, which was an appeal from the district court of Butler county enjoining the registration of the bonds of that county upon the ground that the proposition was in the alternative, the injunction was made perpetual. LAKE, CH. J., says: "The defendant had notice of the want of authority on the part of the commissioners and is, therefore, not in a situation to complain."

In *State v. Roggen*, 22 Neb., 118, which was an application for a *mandamus* to compel the defendant to certify certain bonds of Butler county and of a precinct therein, issued to the Lincoln & Northwestern Railway Company, the writ was denied. The relator in that case had purchased the bonds in good faith, but as they were incomplete on their face by reason of the want of the certificate of the auditor and secretary of state, it was held that she was not protected, but clearly implying that had the bonds been duly certified—in other words, been perfect instruments—she would have been in the position of a *bona fide* purchaser for value.

The essential facts in each of these cases were substantially the same as in the case under consideration. A county, like any other corporation, necessarily must act through its agents. These agents, for the purpose of issuing its bonds, were the county commissioners. Such commissioners could issue the bonds of the county in aid of a work of internal improvement only upon the conditions named in the statute.

Two companies proposed to build a railway from Lincoln

to Columbus. "A plat of the survey showing their exact line of route through Platte county" was required by statute to be filed two weeks before the election, and the line thus surveyed could not vary to exceed forty rods from such plat as filed. So far as appears, but one line was surveyed and but one plat filed in the clerk's office of that county. The owner of this line was to be one of two persons, and with this understanding the election in question was had and the bonds in controversy declared carried and issued to the company or person which built the road. There was no want of power to issue the bonds, but the electors should have designated the donee. Instead of doing this, however, they, in effect, instructed the commissioners to issue the bonds to the corporation building the road, which the commissioners did. The commissioners, therefore, as agents of the county, acting under apparent authority, issued the obligations in question, and they are valid in the hands of an innocent purchaser for value. The evil of a proposition in the alternative form is, that voters who may be hostile to one of the roads named, and who would vote against aid to such road, may be induced, by reason of the supposed probability of the railroad in which he is in favor being the successful line, to vote in its favor and thus the proposition in that form may be adopted by the requisite majority, when had propositions been submitted separately both would have failed. In other words, electors may be induced to vote for the proposition by exciting false hopes as to the road that will be constructed and thus carry the proposition by the necessary majority. Such bonds, however, are not void when duly certified and have passed into the hands of innocent purchasers for value. In the able and carefully prepared brief of the attorney for the plaintiff it is said that "municipal bonds issued without power clearly conferred by constitution or statute are void everywhere and in all hands" (*Marsh v. Fulton Co.*, 10 Wall., 676; *East Oakland v. Skinner*, 94 U. S., 255;

North v. Platte Co.

*Lewis v. Shreveport,* 108 Id., 282); and that was the hold-
ing of this court in *Reineman v. C. C. & B. H. R. R. Co.,*
7 Neb., 310, and *Hamlin v. Meadville,* 6 Id., 227.   It
is also true, as he contends, the holder of municipal
bonds is chargeable with notice of all provisions of statute
and constitution in reference thereto.  (*Ogden v. County of
Davis,* 102 U. S., 634; *Field v. Dixon Co.,* 111 Id., 83.)
But neither proposition is applicable to the facts of this
case.

2. The action was brought nine years after the bonds
were issued and delivered, and the plaintiff shows by his
petition that he has been a tax payer of Platte county dur-
ing "many years past."   There are many cases holding
that such delay and laches will defeat an action where re-
lief would have been granted had the application been
seasonably made.   (*Supervisors v. Schenck,* 5 Wall, 772;
*County of Clay v. Society for Savings,* 104 U. S., 579; *John-
son v. Stark County,* 24 Ill., 75; *Keitsburg v. Frick,* 34
Id., 421; *Com. v. Pittsburg,* 43 Pa. St., 891; *Steinss v.
Franklin County,* 48 Mo., 167; *Bradley v. Franklin County,*
65 Id., 638; *Burr v. Carbondale,* 76 Ill., 455; *B. & M.
R. R. Co. v. Saunders County,* 16 Neb., 123.)

Upon the whole case no sufficient reason has been shown
to justify the court in granting or continuing the injunction
in force in this case.   The injunction is therefore dissolved
and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.