THE STATE, EX REL. JOHN S. SCHULTZE, v. THE TOWN
SHIP COMMITTEE OF THE TOWNSHIP OF MANCHES
TER, IN THE COUNTY OF OCEAN, ET AL.

1. The petition, under the fourth section of the act entitled "An act relating to roads and streets in townships, and authorizing the inhabitants of townships to place all roads and streets within the township under the management of the township committee, and to raise money by bonds for grading, macadamizing and improving the same," approved March 23d, 1888 (*Pamph. L.*, *p.* 240; *Gen. Stat.*, *p.* 2920), to the township committee requesting the issue of bonds for the purpose of said act, must specify distinctly and definitely the amount of bonds to be issued. It will not be sufficient, under the statute, if it request an issue of an amount not exceeding a certain sum.

2. The resolution to be submitted by the township committee to be voted for or against, at annual or special township election, under the fourth section of this act, must state specifically the amount of bonds to be issued by the township committee, and the discretion as to the amount cannot be vested by such election in the township committee. The voters must, upon such resolution, at such election, determine whether the amount named in the resolution shall be issued or not, and they cannot delegate to the township committee the power, at such election, to name, in their discretion, what amount shall be issued.

3. The conditions and limitations provided by this statute, in order to vest in the township committee the power to issue bonds under such act, must be strictly performed and observed, and the proceedings provided by the statute strictly complied with.

---

On rule to show cause why an alternative or peremptory writ of *mandamus* should not issue.

Argued at November Term, 1897, before Justices GARRISON and LIPPINCOTT.

VOL. XXXII.            33

For the relator, *Henry H. Dawson.*

For the respondents, *Isaac W. Carmichael.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This is an application for an alternative or peremptory writ of *mandamus* to compel the township committee of the township of Manchester, in the county of Ocean, to issue the bonds of said township in an amount not exceeding $5,000, in compliance with the result of a special meeting and election of such township held on February 25th, 1897, agreeably to a resolution of said township committee adopted at a meeting of the township committee held on February 18th, 1897, and commanding and enjoining the chairman of such township committee to sign, and the treasurer thereof to countersign, number and register, said bonds, pursuant to the statute in such case made and provided.

The statute under which the resolution of the township committee was adopted and such special township meeting or election was held, is entitled "An act relating to roads and streets in townships, and authorizing the inhabitants of townships to place all roads and streets within the township under the management of the township committee, and to raise money by bonds for grading, macadamizing and improving the same," approved March 23d, 1888.    *Pamph. L., p.* 240 ; *Gen. Stat., p.* 2920.

By the fourth section of the act it is provided that the inhabitants of any township shall have power at their annual or other meeting duly called for that purpose, by voting upon a resolution submitted by the township committee, to direct the issuing of bonds for the purpose of raising money for the purpose of improving the streets and roads of said township by grading and macadamizing the same and building culverts and drains, also providing, in case bonds are issued, for the manner of signing and registering the same.    The statute, in the same fourth section, also enacts as follows : " Provided, however, that before any such bonds shall be made or issued

the following conditions shall have been complied with and observed: a petition requesting the committee to issue such bonds, *specifying the amount to be issued,* and the purpose for which they are to be used, shall be presented to said committee, signed by the taxpayers of the said township (not including such persons as pay a poll tax only), representing not less than one-third in number of the taxpayers of the said township; provided, however, that said one-third in number of said taxpayers shall represent two-thirds in amount of taxable property of said township, which petition shall be verified by the oath of the assessor of said township that it is so signed; and before the issuing of the bonds as hereinafter provided, such petition and affidavit shall be recorded by the township clerk and filed in the office of the county clerk; and such petition and affidavit or a certified copy thereof shall be competent evidence of the facts therein set forth in any court of this state; the said committee *shall, on receiving* such petition, cause a resolution to issue such bonds *to be submitted* to the legal voters of said township by causing such resolution to be printed or written on ballots, underneath which shall be written the words 'for the above resolution,' or 'against the above resolution,' which vote may be taken either at the annual town meeting or at a special township meeting to be called by the said committee for that purpose; and provided, also, that bonds shall not be issued for the above purposes to an amount which shall cause the entire indebtedness of any township for all purposes to exceed ten per centum of the assessed valuation of property, as shown on the duplicate of assessment for the preceding year."

A petition purporting to be under this statute was presented to the township committee of the township of Manchester on the 18th day of February, in the year 1897. This petition, after reciting the importance of its presentation, requests as follows, to wit: "Now, therefore, we beg your prompt consideration of this our petition, to issue bonds of the township *not exceeding five thousand dollars,* and to dispose of them *or such portion of them* as may be deemed necessary to prepare

and gravel about ten miles of roads, as follows " (naming the roads to be improved).

On the same day, at the same meeting, the township committee in accordance with the statute adopted the following resolution, to wit :

"*Resolved,* That a special township election be held on Thursday, February 25th, for the purpose of voting on an issue of bonds for roads.  Resolution to be printed on ballots.

"*Resolved,* That the township committee be authorized to issue bonds to an amount *not exceeding five thousand ($5,000) dollars* for the purpose of preparing and graveling the following roads, to wit, [naming the roads], as duly set forth in a petition duly received and recorded with the clerk of the township of Manchester."

The special election was called for the date named in the resolution, and the resolution was adopted by a majority of the voters voting at such election.   No further reference need be made to the proceedings of the township authorities, and for the purposes of the determination of this matter it is assumed that the election was held according to the formalities provided by the statute.

The respondents contend that in many respects the conditions precedent to the exercise of the power to issue these bonds by the township committee have not been observed, and therefore they refuse to proceed to perform the duties imposed upon them, by statute, to issue, sign, countersign and register such bonds, so ordered by the special election to be issued.

All of these contentions are not now determined.  But two of them have been considered.  The sufficiency and legality of the petition presented to the township committee, and the resolution adopted by such committee for submission to the voters, alone have been considered.

There exists one defect embodied both in the petition and resolution which render them both illegal and insufficient to be used as a basis upon which to hold an election under the statute, and which renders the results of such election entirely

ineffective as an authority or direction to the township committee to issue bonds for the purposes for which they were to be issued under the act of the legislature.

The amount of bonds to be issued is not specified in either the petition to, or the resolution caused by the township committee to be submitted to the voters. This is a fatal defect. It will be observed that the statute expressly provides that a petition must be presented to the township committee to issue such bonds, *specifying the amount to be issued.* The statute also further provides that " the said committee shall, on receiving such petition, cause a resolution *to issue such bonds* " to be submitted to the legal voters of the township. The power vested in the petitioners was to request the issue of bonds to a certain and definite amount. The power of the township was to cause a resolution *to issue such bonds* to be submitted to the voters. No petition which left it to the discretion of the township committee to cause a resolution, with discretion reserved to themselves as to the amount for which the issue should be made, to be submitted to the voters, could be a legal exercise of the power conferred by the statute, and no such resolution with discretionary power to the township committee as to the amount to be issued could be legally submitted, or be of any effectiveness if submitted and adopted.

These are proceedings under a statute vesting an express power in the township committee. The township committee have no power or authority except that derived from the statute, and the conditions imposed by it are conditions precedent, which must be observed and performed. If the proceedings under the statute are not fairly and substantially in compliance with the statute they are entirely void, and no power is conferred by reason of them upon the township committee. *Hudson* v. *Inhabitants of Winslow,* 6 *Vroom* 437, 442; *Morgan* v. *Gloucester City,* 15 *Id.* 137, 140; *Slack, pros.,* v. *Palmer,* 10 *Id.* 250, 251; *Duryee et al.* v. *Greenleaf,* 5 *Id.* 441, 442; 1 *Dill. Mun. Corp.* (*4th ed.*), §§ 89, 90, 91.

Under this petition the township committee acquired no jurisdiction even to cause any resolution to be submitted to

the legal voters of the township. The express condition to be observed was that a petition should be presented, expressly stating the amount desired to be issued. It was only when this was done that power was vested in the township committee to proceed under the statute and submit the resolution provided to be voted upon, and the proposition contained in such resolution either accepted or rejected. The petition left the amount as a matter of discretion, which was not intended by the legislature. The petition was required to be positive and certain, not conditional and discretionary in this respect. *Sim. Mun. Bonds* 65. The presentation of the petition was a jurisdictional fact, and unless it was in compliance with the statute it was of no avail.

The resolution clearly is not one provided by the statute to be submitted to the legal voters. The voters were to determine the amount by voting for a resolution definitely fixing the amount, or defeat any issue of bonds by voting against it. They were not to be called to delegate the power to the township committee to issue in their discretion bonds to the amount of five hundred or five thousand dollars. Under this statute no such discretionary power could be vested in the township committee. The authorities fully bear out this proposition, that when such power exists, under the statute, in the legal voters to order any issue of bonds to a certain fixed amount, that power cannot be delegated to another body.

The power was vested here solely in the voters, and they could not, as they did, by voting upon this resolution submitted to them, under the statute, for their determination, delegate the power to the township committee of exercising a discretion as to the amount. After the election, upon a proper resolution, the action of the township committee could only be ministerial so far as the amount to be issued was involved. *Mercer County* v. *Pittsburg and Erie Railroad Co.,* 27 *Pa. St.* 389 ; *State* v. *Roggeir,* 22 *Neb.* 118 ; *Cooley Const. Lim.* (6th ed.) 248 ; *State* v. *Paterson,* 5 *Vroom* 163, 168 ; *Banghart, pros.,* v. *Sullivan, Collector,* 7 *Id.* 89 ; *Corrigan* v. *Duryea,* 11 *Id.* 266 ; *Trustees* v. *Padden,* 15 *Id.* 151.

This was the resolution presented to the voters, and upon which the vote was taken for and against the question of whether bonds should be issued to any amount.

The resolution was absolutely void. The statute did not contemplate that any such question as it contained should be submitted to the voters. In fact, the election left the matter, so far as the exercise by the township committee was concerned of any power to issue bonds, just where it was, and just what it was, before the resolution was submitted, and the power which, by the petition and this resolution, was to be exercised by the township committee could not, under this statute, be delegated by the voters to them. *Mutual Benefit Life Insurance Co.* v. *Elizabeth,* 13 *Vroom* 235, 245, 246, 247; *Mercer County* v. *Pittsburg and Erie Railroad Co.,* 27 *Pa. St.* 389; *State* v. *Roggeir,* 22 *Neb.* 118; *Cooley Const. Lim.* (6th ed.) 248; *State* v. *Paterson,* 5 *Vroom* 163, 168; *State, Banghart, pros.,* v. *Sullivan, Collector,* 7 *Id.* 89; *Trustees* v. *Padden,* 15 *Id.* 171.

Many other considerations have been presented to the court by the respondents. It is contended that the notice of election did not comply with the statute, in that it did not state the objects and purposes of the election; that the resolution was in many other respects indefinite and uncertain, in that it did not specify accurately and definitely the roads to be improved; that both petition and resolution were indefinite and uncertain as to the improvement to be made and the extent of it; that they did not conform to the statute as to the character of the improvement to be made; that in other respects the petition and resolution did not conform to the statute; that the petition was not in form and did not contain the requirements provided by the statute, and that it was not properly signed by the requisite number of taxpayers and not verified in accordance with the statute.

In view of the rule of law that these statutory proceedings must be pursued with much strictness, and that the conditions and limitations to the issue of the bonds under this statute must be strictly performed and observed, these questions be-

come of importance, but the court has not considered them and does not decide them.

The application for *mandamus* must be denied and the rule to show cause discharged, with costs.