Ann Furlong, Admx.

*v.*

Margaret Riley *et al.*

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1. Practice—*taking advantage of laches by demurrer.* Where the *laches* of a complainant sufficient to bar a recovery appears on the face of the bill, the defendant may raise the question of the sufficiency of the bill as well by demurrer as by answer.

2. Where an administrator's petition for leave to sell real estate to pay debts, filed more than seven years after the grant of letters, attempts to give an excuse for the delay, and thereby to avoid the defence of *laches*, the question of *laches* is properly presented by demurrer, and need not be set up by answer.

3. Limitation—*as to administrator's application for sale of land.* A delay of seven years from the grant of letters by an administrator to apply for an order for the sale of land to pay debts, when not sufficiently explained, showing a valid reason for the *laches*, is sufficient to defeat the application.

4. Same—*sufficiency of reasons for delay.* The fact of the destruction of the records and files of the court by fire, and the neglect, for a number of years, of the administratrix (who was the widow) to have her award fixed by the appraisers, will not furnish sufficient ground to excuse a delay of ten years after the grant of letters in applying for an order to sell real estate of the intestate to satisfy such widow's award. The administratrix can not urge her own neglect of duty as a ground for avoiding the limitation.

5. Administration of estates—*widow's award—duty of appraisers —remedy in case of delay.* It is the duty of the appraisers of an estate to

proceed at once to fix the widow's award, and if they fail to do so, she, having herself become administratrix, may in that capacity, under sec. 75, chap. 3, Revised Statutes, compel them to discharge such duty. It is her duty to see that this is done in a reasonable time, if she desires such award.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Probate Court of Cook county; the Hon. JOSHUA C. KNICKERBOCKER, Judge, presiding.

Messrs. M. A. RORKE & SON, for the appellant:

The practice in proceedings of this character is the same as in chancery.    Hurd's Stat. 1881, page 117, sec. 101; *Marshall* v. *Rose,* 86 Ill. 374; *Hobson* v. *Ewan,* 62 id. 146.

The question of *laches* can not be raised by demurrer to the bill or petition, but must be presented by answer.    *Clark* v. *Hoyle,* 52 Ill. 427; *Harrison* v. *Cornell,* 80 id. 54; *O'Halloran* v. *Fitzgerald,* 71 id. 53; *School Trustees* v. *Wright,* 12 id. 432; *Thompson* v. *Scott et al.* 1 Bradw. 64.

Appellant's petition fully accounts for the apparent delay in filing her petition, and there is no limitation by statute. *Reed* v. *Colby,* 89 id. 104.

The demurrer admits all the facts well pleaded in the petition.    *Stowe* v. *Russell,* 36 Ill. 18; *Harris* v. *Cornell,* 80 id. 54.

The following are the cases in this court where the question of *laches* has been considered:    *McCoy* v. *Morrow,* 18 Ill. 519; *Unknown Heirs of Langworthy* v. *Baker,* 23 id. 404; *Rosenthal* v. *Renick et al.* 44 id. 202; *Moore* v. *Ellsworth,* 51 id. 308; *Bunsen* v. *Goodspeed,* 68 id. 277; *Wolf et al.* v. *Ogden,* 66 id. 224.

Messrs. ELLIS & MEEK, for the appellees:

Nothing is better settled in chancery practice than that the Statute of Limitations may be interposed as a defence by demurrer.    Story's Equity Pleading, secs. 484, 505, 751, and cases there cited.

Our court has held that the application must be brought within seven years from the grant of letters, unless some reasonable excuse is given for the delay. *McCoy* v. *Morrow,* 18 Ill. 519; *Rosenthal* v. *Renick,* 44 id. 202; *Moore et al.* v. *Ellsworth et al.* 51 id. 308; *Clark et al.* v. *Hoyle et al.* 52 id. 427; *Bishop et al.* v. *O'Conner et al.* 69 id. 431.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a petition brought by Ann Furlong, administratrix of the estate of Patrick Furlong, deceased, to obtain a decree to sell the real estate belonging to the deceased at the time of his death. The defendants interposed a demurrer to the petition, and as a ground for demurrer alleged "that the petition shows upon its face that the relief prayed for is barred by the Statute of Limitations, and that the real estate described is not subject to sale to pay said award."

It is first contended by appellant, that the question of *laches* can not be raised by demurrer, but must be presented, if at all, by an answer to the petition. There are cases, no doubt, where the defence of *laches,* to be availing, must be set up in the answer. Such was *School Trustees* v. *Wright,* 12 Ill. 432. But this is not a case of that character. Here the petitioner undertook in the petition to account for the delay, and hence no necessity existed for an answer, all the facts fully showing the delay appearing in the petition, and the demurrer brings before the court the sufficiency of the allegations. If the facts set up by the petitioner afford a legal excuse for not filing the petition at an earlier day, then the demurrer should have been overruled. On the other hand, if the facts alleged do not show sufficient ground for the delay, then the demurrer was properly sustained. The demurrer to the petition presented the question of *laches* as fully and clearly as an answer would have done had one been filed, and hence no necessity existed for putting in an answer. *Hall* v. *Fullerton,* 69 Ill. 448, is in point here. There it

was held that the rule requiring a defendant in a chancery suit to set up and insist on the complainant's *laches* on filing his bill, is for the purpose of enabling the complainant to amend his bill and account for the delay, so as to admit proof to meet the objections, and will not be extended to a case where the bill attempts to account for the delay. Indeed, where the *laches* of a complainant sufficient to bar a recovery appears on the face of a bill, no reason is perceived which would prevent a defendant from raising the question as to the sufficiency of the bill as well by demurrer as by answer, and this is believed to be fully sustained by the authorities.    See Story's Equity Pleading, secs. 484, 751, and cases there cited.

It is, however, contended, that if the *laches* of petitioner can be raised by demurrer, she is not barred, and the decision of the probate court holding that she was, is erroneous.    We are aware of no statute prescribing a definite period within which an administrator is required, after letters issue, to present a petition for leave to sell real estate; but this court has in a number of cases held, that in analogy to the lien of judgments on real estate and the bar of entries into lands after seven years, that period would be regarded as a reasonable time.    *Bishop* v. *O'Conner*, 69 Ill. 431.    In *Moore* v. *Ellsworth*, 51 Ill. 308, the court uses the following language:    "Each case must be judged upon its own merits, and all that can be said as a general rule is, that a delay of seven years, if unexplained, is a sufficient reason for refusing the order."    Under the rule announced in the last case cited, can the petition be sustained?

It appears from the petition that letters of administration issued to appellant, who was the widow, July 20, 1871.    A period of almost ten years was allowed to pass before the application to sell land was made.    This delay, if unexplained, was a sufficient reason for denying the order of sale. We will examine some of the reasons given for the delay

which are claimed to be sufficient to take the case out of the operation of the general rule. It is said the records of the probate court, and the files relating to this estate, were destroyed by fire, October 9, 1871. We do not, however, regard this as sufficient excuse for the delay. The petitioner could at any time, with but a trifling expense, have restored the lost record and papers, and then gone on and obtained a decree of sale of the land. It is also said that the widow's award, which is the only claim upon which the petition was predicated, was not made and appraised until the 9th day of March, 1881. This was, however, the fault of petitioner. It was the duty of the appraisers to proceed at once to fix the amount of the widow's award, and if they failed to do so, she had it in her power, at any time, under sec. 75, chap. 3, Rev. Stat. 1874, to compel them to discharge their duty. The fact, therefore, that the amount of the widow's award was not determined at an early day, is the fault of the widow, and no one else. She was the administratrix, and the only person interested in the widow's award, and it was her duty to get the appraisers together, and see that they acted within a reasonable time, if she desired the award provided by the statute. This, however, she failed to do, and now undertakes to rely upon her own negligence to arrest the running of the Statute of Limitations. The delay of the administratrix in filing a petition to sell real estate, has not, in our judgment, been satisfactorily explained, and the decree of the probate court that she was barred by her *laches,* was right. The applications for a sale of lands by administrators many years after letters have been issued, are often made on fictitious and unfounded claims, and justice and a proper administration of the law require that they should be scrutinized with a jealous eye. In this case, had the administratrix discharged her duty, this estate would have been settled within two years from the time letters were issued, but for some unexplained reason she does nothing for nine or ten

years, and then undertakes to invoke the aid of the court to sell real estate in satisfaction of a claim due her, known as the widow's award. We know of no more appropriate case to invoke the doctrine of *laches* than this one. It is quite apparent if the widow had regarded her application for a decree as meritorious, she would not have slept on her rights so long.

The decree of the Appellate Court will be affirmed.

*Decree affirmed.*