## UNION ELECTRIC LIGHT AND POWER COMPANY, Respondent, v. SURGICAL SUPPLY COMPANY, Appellant.

St. Louis Court of Appeals, February 5, 1907.

1. PRACTICE: Accord and Satisfaction. In an action for the balance due on an account, the defendant cannot claim in the appellate court that the account was settled and that plaintiff must set aside the settlement for mistake by bill in equity, where the case was not tried on that theory in the court below.

2. ACTION ON ACCOUNT: Mistake: Negligence in Rendering Bills. In an action for a balance due on an account for electric power furnished by plaintiff to the defendant, where it was

shown the plaintiff had by mistake of its bookkeeper rendered monthly bills for less than the amount actually due, which monthly bills were promptly paid, the fact that the mistake in the rendition of the bills was the result of negligence on the part of the employees of the plaintiff was no defense to the action, nor was the payment of the bills, by the defendant without knowledge or notice that mistakes were being made, a defense to the action.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

AFFIRMED.

*F. A.* and *L. A. Wind* for appellant.

The court erred in refusing to give instruction in the nature of a demurrer, and in submitting the case to the jury.   (a)   The rendition of bills and payment of same for seventeen consecutive months constituted an account stated, and settlement.   That this was the fact was admitted by counsel for plaintiff.   Rutledge v. Moore, 9 Mo. 537; McCormick v. Sawyer, 104 Mo. 36.   (b)   Such settlement could only be set aside for fraud or mistake by bill in equity.   Wonderly v. Christian, 91 Mo. App. 158.   (c)   Plaintiff could not meet the plea of stated account and payment by replying that the settlement was an error, as that was not the cause of action sued on.   Wonderly v. Christian, 91 Mo. App. 158.   (d)   The justice having no jurisdiction of an action in equity, the circuit court could not acquire jurisdiction by appeal.   Hicks v. Martin, 25 Mo. App. 359; Rankin v. Fairly, 29 Mo. App. 587.

*Abbott & Edwards* for respondent.

(1) The rendition of bills and payment of same did not constitute an account stated and settlement, and this fact was not admitted by counsel for plaintiff.   An alleged error that the issues in the case were by force of one of the defenses of an equitable nature, and that

they should have been settled as in equity cases, is of no avail when urged for the first time on appeal. Appellant offered instructions, and never asked by pleadings or otherwise that the cause be tried by the court instead of a jury. Leitch v. Miller, 40 Mo. App. 180; Estes v. Fry, 94 Mo. 266; Whetstone v. Shaw, 70 Mo. 575. (2) The court did not commit error in refusing to give appellant's instruction directing the jury to find for appellant if the mistake was the result of carelessness or negligence, on the part of plaintiff, unless the jury found that defendant knew such mistake had been made, or had good reason to so believe. Hanson v. Jones, 20 Mo. App. 595; Koontz v. Bank, 51 Mo. 275; Dobson v Winner, 26 Mo. App. 329.

BLAND, P. J.—The action is for an alleged balance of $133.08, on account of electric power furnished defendant by plaintiff, under a written contract between the parties, dated October 31, 1903, and was commenced before a justice of the peace, from whose judgment the cause was appealed to the circuit court of the city of St. Louis, where on a trial *de novo* plaintiff recovered a judgment, from which defendant appealed to this court. The controversy arose from an alleged mistake of one of plaintiff's bookkeepers, in describing the meter installed in defendant's premises as "$\frac{1}{2}$ constant," when in truth and in fact the meter was "1" or "0 constant," by reason of which error or mistake the monthly bills rendered defendant for the twelve months in the year 1904, and the months of January and February, 1905, were for only one-half of the electric power furnished. Prior to January, 1904, the monthly bills of defendant were made out from meter slips — slips made by plaintiff's meter readers from showings or readings on the dial of the meter — which showed the actual electric energy furnished. Commencing with January, 1904, the monthly bills were made from plaintiff's register book, a book

in which was recorded the meter slips turned into the office by plaintiff's meter readers. An individual or separate register was kept for each meter installed. At the head of the register account was a description of the meter by its number, capacity, constant, volts, and the date of its installation. The meter installed in defendant's premises, as shown on its dial, was No. 50,357, capacity five ampere, constant zero, volts 225, date November 5, 1903. Under this description was entered in separate columns, the dates of the readings, the volts per hour and the initial or surname of the reader. The actual electric energy furnished was ascertained by the constant of the meter, the constant being indicated by the letter "K" and a figure after the mark on the dial of the meter. "K 0" of the figure "1," indicated that the meter registered the actual electric energy furnished. "K ½" indicated that the reading should be divided by two, to ascertain the actual energy furnished, and "K 2" indicated that the meter reading should be multiplied by two to get the actual energy. The plaintiff's bookkeeper, who opened and kept the register account of meter No. 50,357, installed in defendant's premises, by mistake entered the constant of the meter as one-half. Beginning with Jaunary, 1904, when plaintiff changed its system of making up its monthly bills, by taking the readings from the register instead of the meter slips, the power as shown on the meter slips and as entered in the register book, was divided by two, for the reason the book showed the constant of the meter to be one-half. In this manner monthly bills were made out and rendered defendant, which defendant promptly paid. The mistake in the description of the meter as recorded on the register was not discovered until after the expiration of the contract period, when the meter was taken out and returned to plaintiff's meter department.

Defendant asked an instruction on two theories; first, that plaintiff could not recover if the mistake was

the result of carelessness or negligence on the part of plaintiff's servants and employees; second, that plaintiff could not recover unless defendant, or one or more of its officers, had good reason to believe an error was being made by plaintiff's officers or agents in the rendition of the bills; that without such knowledge each payment of a monthly bill as rendered was a settlement in full of all demands up to and including the period covered by the bill. The court refused to adopt either of these theories and instructed the jury for plaintiff as follows:

"The jury are instructed that the execution by the defendant of the contract sued upon is admitted, and if you find and believe from the evidence that plaintiff delivered to defendant electrical energy which at the contract price amounted to $267.98, and by mistake charged defendant with electrical energy which, at the contract amounted to $134.90, and that the defendant paid no more than $134.90, then you will find for the plaintiff in the sum of $133.08, and interest from July 25, 1905, at the rate of six per cent per annum."

And for defendant as follows:

"The court instructs the jury that if the plaintiff intentionally, that is, not by mistake, as to the true amount thereof, made or retained the entry of one-half constant in the register from which bills were made out although knowing that the constant was 1, your verdict must be for the defendant."

Defendant contends that the rendition of the monthly bills by plaintiff and the payment of the same by defendant constituted monthly accounts stated and settlements of the same, and that these settlements can only be set aside for fraud or mistake by a bill in equity. The case was not tried on this theory. This defense was not interposed by answer, by objection to the evidence or by instructions asked; neither was the attention of the trial court called to it by the motion for new trial. That a case must be disposed of on appeal on the same theory

on which it was tried in the circuit court, is too well settled to admit of discussion or to require the citation of authorities. As shown by the instructions asked by defendant, it assumed the position, that the fact (if shown by the evidence) is that the mistake was the result of negligence on the part of the employees of plaintiff, then the rendition and payment of the monthly bills was a bar to the action; and second, the rendition and payment of the bills was also a bar, unless one or more of defendant's officers knew or had good reason to believe mistakes were being made in making out the bills from month to month. The trial court ruled against both these positions and this ruling is the only error that can be reviewed on the record as presented to us. If the defendant's position, that plaintiff could not recover if the mistake resulted from carelessness of its employees is correct, then the power of courts to administer relief on account of the mistakes of bookkeepers, agents and employees of commercial firms would be practically nil, for it could be truthfully said, in every such case, that the mistake resulted from carelessness or inattention. There is no rule of law or equity requiring absolute accuracy in such matters or in any other human transaction; on the contrary, the fallibility of man is recognized, and a plaintiff is granted relief when it is made to appear that he has innocently and inadvertently made a mistake which has caused him injury and resulted in profit to the opposite party; nor does his right of relief in every case depend upon the knowledge or information or belief of the opposite party that the mistake has been made. It is enough if the mistake made resulted in injury to the plaintiff and to an unearned profit to the defendant, provided the latter, in ignorance of the mistake, has not so changed his situation with reference to the subject-matter, that to correct the mistake would result in injury to him. On the theory on which the case was tried, we think, under the evidence, plaintiff's instruc-

tion was a proper one and we also think the judgment is manifestly for the right party and should be affirmed. The judgment is affirmed. All concur.