MERCHANTS-MECHANICS FIRST NATIONAL BANK, APPELLEE,
v. CAVERS ELEVATOR COMPANY, APPELLANT.

FILED DECEMBER 4, 1920.    No. 21141.

1. **Estoppel.** "Where one by his words or conduct wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." *Grant v. Cropsey*, 8 Neb. 205.

2. **Payment: RECOVERY.** But where money is paid to another under the influence of mistake, that is, upon the supposition that a

specific fact is true, which would entitle the other to the money, but which fact is untrue, and the money would not have been paid if it had been known to the payor that the fact was untrue, an action will lie to recover it back.

3. Evidence examined, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Smith, Schall & Howell,* for appellant.

*McGilton & Smith* and *Gaines & Van Orsdel, contra.*

ALDRICH, J.

This is an action at law wherein the Merchants-Mechanics First National Bank of Baltimore, Maryland, sues the Cavers Elevator Company to recover $3,283.51, with interest, alleged to have been paid out in error on a draft by the plaintiff and received by the Cavers Elevator Company, the defendant below and drawer of the draft. Both parties moved for a directed verdict, and the court rendered judgment for $3,283.51, with interest, in favor of plaintiff. Defendant appeals.

The defendant is a corporation doing a general business in buying and selling grain, organized under the laws of Nebraska, with its principal place of business at Omaha. The plaintiff is a Maryland corporation, with its principal place of business at Baltimore, doing a general banking business under and by virtue of national banking laws of the United States. In January, 1917, defendant elevator company sold to Fahey & Company of Baltimore, 185,000 bushels of wheat. The sale consisted of several separate contracts, each contract calling for a certain amount of wheat. A portion of the wheat was shipped, and on April 16, 1917, all but 20,000 bushels of the wheat had been shipped and paid for. On that date the Cavers Elevator Company drew a draft on Fahey & Company, payable to the Merchants National Bank of Omaha, for $3,283.51, which was indorsed and sent to the plaintiff bank for collection. On or about April 21, 1917, the Merchants

National Bank of Omaha, after receiving notice of dishonor and protest, telegraphed the plaintiff bank for further information as to the draft, and received a telegram that it had been paid. Plaintiff contends that the latter telegram was sent by mistake, the draft never having been paid. The draft was drawn by Cavers Elevator Company for the amount claimed to be due from Fahey & Company as interest and carrying charges on all the shipments of wheat.

The defendant contends that plaintiff is estopped to dispute the statement made that the draft was paid, or, in other words, that the plaintiff is estopped from asserting the truth.

The rule has long been firmly established that "Where one by his words or conduct wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time." *Grant v. Cropsey*, 8 Neb. 205; *Newman v. Mueller*, 16 Neb. 523; *Cain v. Boller*, 41 Neb. 721; *Brown v. Eno*, 48 Neb. 538; *Larson v. Anderson*, 74 Neb. 361.

We understand it to be the rule of law that before a person can sustain the plea of estoppel against another he must have relied upon and been injured by the facts as pleaded. *Dent v. Smith*, 76 Kan. 381.

The record conclusively shows that defendant was in no way prejudiced by representations made, and there is not sufficient evidence to prohibit or estop plaintiff from showing the whole truth and a correct statement of the facts upon which issues herein are based.

Plaintiff's contention is that the money in question was paid out by mistake and for that reason it should be allowed to recover it back. In the case of *United States v. Barlo*, 132 U. S. 271 (*Kelly v. Solari*, 9 M. & W. (Eng.) 54, 58), we find the following rule on this proposition: "Where money is paid to another under the influence of a mistake, that is, upon the supposition that a specific fact is true,

which would entitle the other to the money, but which fact is untrue, and the money would not have been paid if it had been known to the payor that the fact was untrue, an action will lie to recover it back." This is a correct rule and has the approval of this court.

Before the defendant can successfully invoke plaintiff's acts as an estoppel, it must show that it relied upon and was prejudiced by the acts of which it complains. Whether or not defendant was prejudiced or its previous position changed was a question of fact to be decided by the jury. Both plaintiff and defendant moved for a directed verdict and thereby submitted the finding of fact to the trial court, which found in plaintiff's favor. Such a finding has practically the same effect and is treated the same as a verdict of a jury. Under the rule in this state a verdict of the jury will not be disturbed unless clearly wrong.

The record shows that there is competent and sufficient evidence upon which to base the finding of fact made. Fahey & Company paid defendant for all wheat shipped, including the last shipment, and denies any liability for interest and carrying charges. The amount due as interest and carrying charges from Fahey & Company, if anything is due at all, is unliquidated. In view of all the facts, we think the finding of the trial court was right.

The judgment is

AFFIRMED.