HERMAN TOMBRINK ET AL., APPELLANTS, V. SARPY COUNTY ET AL., APPELLEES.

FILED JULY 11, 1930.  No. 27395.

*S. L. Winters*, for appellants.

*Patrick & Smith, William P. Nolan* and *E. S. Nickerson*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

ROSE, J.

This is a suit in equity to cancel special assessments on lands of plaintiffs to pay for highway paving in Sarpy county. Defendants are the county of Sarpy and the county treasurer. The prayer for equitable relief is based on

pleas that the legislative act under which the improvement was made was unconstitutional and void as class and special legislation, and that the entire burden of taxation was imposed in one levy, instead of 15 annual assessments, as required by statute. The trial court found the issues in favor of defendants and dismissed the suit. Plaintiffs appealed.

On the ground of laches alone plaintiffs were not entitled to equitable relief and it is therefore unnecessary to consider other questions presented on appeal. The improvement district was regularly organized. The highway was improved and the assessments made under the act of 1923. Laws 1923, ch. 128. May 28, 1923, the owners of the lands upon which the assessments in controversy were levied petitioned for the paving under the legislation now assailed by them as void. Pursuant to the petition for the paving, the highway was improved; county bonds to pay for the work were issued and sold; lands of plaintiffs were benefited by the paving; special assessments upon their property and upon other property in the paving district were levied and entered upon the tax lists of the county. Defendants mean to collect annually only one-fifteenth of the total amount levied. May 18, 1925, the county board, after previous notice, met to hear complaints and objections respecting apportionment of benefits and the making of special assessments. Though the petition for the paving was dated May 28, 1923, and the assessments levied May 25, 1925, plaintiffs did not begin this suit until May 24, 1929. In the meantime, without objection, the improvement was made and bonds to pay therefor were isssued and sold and assessments were levied upon all property subject thereto in the paving district. Property owners generally acquiesced in the proceedings and in the assessments. Before proceeding in equity, plaintiffs waited without protest until the improvement was completed; until their property had been benefited; until the burden of assessments had fallen alike upon all the assessable property in the paving district; until the county had sold its bonds, which are still outstanding. Laches is manifest on the face of the petition and is

shown throughout the record. Judge Irvine, in an article on Equity, stated general rules as follows:

"The question of laches is to be decided upon the particular circumstances of each case."

"Unreasonable delay alone, independently of any statute of limitations, will often operate as a bar to relief." 16 Cyc. 152.

These rules of equity are abundantly supported by precedent and in Nebraska are enforceable under chancery power conferred by the Constitution. Const. art. V. sec. 9; *Hawley v. Von Lanken*, 75 Neb. 597; *Harrison v. Rice*, 78 Neb. 654, 659. The undisputed facts showing laches are peculiarly applicable to the present suit. The delay was long and inexcusable. Plaintiffs helped to set in motion the proceedings which they now assail as void and they seek equitable relief therefrom after sleeping on their rights for nearly four years and after the county issued and sold in good faith bonds to pay for the highway improvement made at their behest. The suit was properly dismissed on the ground of laches alone.

AFFIRMED.