VALVOLINE OIL COMPANY, APPELLANT, v. DUDA-MYERS COMPANY ET AL., APPELLEES.

FILED JANUARY 10, 1936. No. 29371.

*Kennedy, Holland & De Lacy* and *Edwin Cassem,* for appellant.

*Monsky, Grodinsky, Marer & Cohen, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

MUNDAY, District Judge.

The plaintiff brought this action against the defendants to recover the price of approximately a half carload of barreled oil. The plaintiff alleged in substance in his petition that on June 11, 1930, it sold and delivered to the defendants, at the oral request of the defendant, Rollie Myers, 65 barrels, 8 half-barrels and a few cases of oil, and that said oil was received by the defendants, but that when the oil was invoiced to the defendants 30 barrels, 4 half-barrels and 4 cases of the oil, of the value of $1,068.10, were, by mistake, left out of the invoice; that the defendants paid the invoice price only, although knowing of the mistake; that on or about March 1, 1932, the plaintiff discovered its mistake and made demand for payment for the remainder of the oil omitted from the invoice, which demand for payment was refused by the defendants.

For answer the defendants allege in substance that there were negotiations between the parties for the purchase of oils and greases by the defendants from the plaintiff, and that it was agreed between the parties that the plaintiff was to ship defendants certain oils and greases in an amount sufficient for defendants to have a reasonable opening stock at a store in North Platte, Nebraska, but the amount was indefinite and not certain, and that plaintiff was to invoice and charge defendants for said oil at its regular price. The defendants allege plaintiff did ship

certain oil and greases and submitted invoice for the same totaling $1,480.03, and that the defendants paid the invoice price to the plaintiff. Defendants also denied the other allegations of the petition, and alleged that they had sold their interest in said business and that the books of the defendant company were no longer available to them, and that the plaintiff's delay had prevented defendants from determining the truth or falsity of plaintiff's claim, and if any mistake was made it was due to the gross negligence of the plaintiff, and that the plaintiff is estopped from asserting its claim. The plaintiff in reply in substance denies the allegations of the answer.

There is some contention by the defendants that the pleadings were in such condition that the plaintiff could not take advantage of any part of the defendants' answer. While the plaintiff's pleading was not a model, still we are unable to agree with this contention of the defendants.

At the close of the introduction of evidence by plaintiff, the trial court sustained a motion by the defendants for a directed verdict in their favor and dismissed the plaintiff's action. From this order the plaintiff has appealed, and has assigned as error the dismissing of the action and the overruling of its motion for a new trial.

To sustain the action of the trial court, the defendants contend that the plaintiff has not proved that the plaintiff sold and delivered to the defendants, at the express oral request of Rollie Myers, all of the specified goods and merchandise set forth in the invoice; that all of the goods and merchandise so ordered were shipped and received by the defendants; that the invoice sent the defendants on June 11, 1930, covered only part of the shipment; that the plaintiff made a mistake, if any, in the invoice; that the plaintiff did not discover its mistake until the 1st day of March, 1932; why the plaintiff did not discover its mistake, if any, sooner; that the defendants knew they received more merchandise than they were billed for and paid for and fraudulently concealed this information.

In directing the verdict and dismissing the case, the trial

court stated in part: "You shipped these goods out there and sent them a bill and they paid the bill. * * * It looks to me like a gift of the remainder of the oil," etc.

The defendants contend that it is immaterial whether the trial court gave a good or bad reason for its conclusion; if the trial court reached a correct decision, that its judgment will not be disturbed. This contention of the defendants is a correct statement of the law. Therefore, it must be determined whether a correct decision was reached by the trial court. The appellees apparently do not contend that the court gave a correct reason for its conclusion. We think it did not.

To uphold the trial court's conclusion and the defendants' contention, the defendants say that when the plaintiff relied upon its ignorance of fact, as an excuse for delay in asserting its rights, it must show why it was so long ignorant and acquit itself of all knowledge of the facts that would have put it on inquiry and show when it first acquired the knowledge. Also, since plaintiff invoiced defendants for the goods shipped, and immediately thereafter had actual notice of a mistake, if any, in the invoice, and defendants thereafter paid the invoice without knowledge of any mistake, and plaintiff remained silent for about 20 months thereafter, and since defendants' evidence of the transaction by which it could determine the truth or falsity of the claim was lost in the usual course of business, that plaintiff could not recover. There is no question of the application of the statute of limitations in this case.

To sustain these propositions and the contentions of the defendants, a great many authorities are cited, both state and federal. We have examined these at great length. The cases cited are mostly equity cases, or in courts of equity, or where the plaintiff, after plaintiff had knowledge of a mistake, acted in a manner inconsistent with the validity of the claim that a mistake had been made, so that the defendant was injured thereby. No such facts appear in the instant case. The plaintiff did not play fast and loose with the defendants. Therefore, these cases will not sustain the

action of the trial court or the contentions of the defendants.

The defendants also cite many authorities to the proposition that a court will refuse relief after inexcusable delay because of the difficulty of arriving at a safe and certain conclusion as to the truth of the matters in controversy and in doing justice between the parties, and it is not necessary that the court should be convinced that the original claim was unjust. A long list of authorities is also cited to this proposition, including the following cases of this court, viz.: *Harrison v. Rice,* 78 Neb. 659, 114 N. W. 151; *Hawley v. Von Lanken,* 75 Neb. 597, 106 N. W. 456; *Geiss v. Trinity Lutheran Church Congregation,* 119 Neb. 745, 230 N. W. 658; *Tombrink v. Sarpy County,* 120 Neb. 160, 231 N. W. 783; *Northwest Ready Roofing Co. v. Antes,* 117 Neb. 121, 219 N. W. 848. These cases were where a trial was had on the equity side of the court and the principle of laches was applied, and have no application in the case at bar.

In the instant case, the record does not show that any action of the plaintiff deceived or misled the defendants to their injury. If the defendants changed their position, and if it was a good defense to this action, it is an affirmative defense.

From the record, the pleadings and the evidence adduced by the plaintiff, it seems as though the plaintiff has made a *prima facie* case; that the plaintiff sold and delivered to the defendants on their request a certain quantity of oils and greases; that said goods were received by the defendants; that the invoice sent the defendants by the plaintiff covered only part of the shipment; that part of said goods received by the defendants was omitted from the invoice; that said goods so omitted have not been paid for by the defendants, and that the goods so omitted were not given to the defendants. When a *prima facie* case is thus made, Judge Rose states the rule of this court in *Thamann v. Merritt, supra,* as follows: "Inferences from evidential facts are questions for the jury, where the evidence will sustain a verdict in favor of plaintiff."

In the case of *Harman & Crockett v. Maddy Bros.*, 57 W. Va. 66, 49 S. E. 1009, the law is stated in the first paragraph of the syllabus as follows: "An item omitted, by mistake, * * * from a settled account between individuals, growing out of an ordinary business transaction, * * * may be recovered in an action of *assumpsit.*"

If the balance of a settled account may be recovered by reason of a mistake, it surely can be recovered in an account or invoice rendered.

In the case of *Union Electric Light & Power Co. v. Surgical Supply Co.*, 122 Mo. App. 631, 99 S. W. 804, the plaintiff furnished power to the defendant and, by negligence and mistake of the plaintiff's employee, the plaintiff failed to correctly measure the service so that the bills which were rendered to the defendant therefor, and which defendant paid, only covered half of the invoice actually furnished. The court used the following language: "As shown by instructions asked by the defendant, it assumed the position that the fact (if shown by the evidence) is that the mistake was the result of negligence on the part of the employees of plaintiff, then the rendition and payment of the monthly bills was a bar to the action; and, second, the rendition and payment of the bills was also a bar, unless one or more of defendant's officers knew or had good reason to believe mistakes were being made in making out the bills from month to month. The trial court ruled against both of these positions." In giving its reasons therefor, the court said: "If the defendant's position, that plaintiff could not recover if the mistake resulted from carelessness of its employees, is correct, then the power of courts to administer relief on account of the mistakes of bookkeepers, agents and employees of commercial firms would be practically nil, for it could be truthfully said, in every such case, that the mistake resulted from carelessness or inattention. There is no rule of law or equity requiring absolute accuracy in such matters or in any other human transaction; on the contrary, the fallibility of man is recognized, and a plaintiff is granted relief when it is made to appear that he has inno-

cently and inadvertently made a mistake which has caused him injury and resulted in profit to the opposite party; nor does his right of relief in every case depend upon the knowledge or information or belief of the opposite party that the mistake has been made. It is enough if the mistake made resulted in injury to the plaintiff and to an unearned profit to the defendant, provided the latter, in ignorance of the mistake, has not changed his situation with reference to the subject-matter, that to correct the mistake would result in injury to him." Also see *Standard Oil Co. v. Van-Etten,* 107 U. S. 325; *Kennedy v. Goodman,* 14 Neb. 585, 16 N. W. 834; *Merchants-Mechanics First Nat. Bank v. Cavers Elevator Co.,* 105 Neb. 321, 180 N. W. 588.

The evidence is sufficient to make a *prima facie* case in favor of the plaintiff, and it is entitled to have a jury pass upon the evidence.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.