CITY OF LINCOLN, APPELLEE, V.
BUD MOORE, INC., APPELLANT.

316 N.W.2d 590

Filed February 26, 1982.   No. 43663.

Floyd A. Sterns and W. Travis Burney for appellant.

Fredda J. Bisman of Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon for appellee.

Heard before MCCOWN and HASTINGS, JJ., and KORTUM and GRANT, District Judges, and RONIN, Retired District Judge.

GRANT, District Judge.

Defendant occupied certain premises in Lincoln, Nebraska, beginning in January 1977. Defendant remodeled those premises, changing the use of the premises from the furnishing of "petroleum and service" to "gasoline and convenience sales." Refrigeration units using electricity were installed. No such units had been used on the premises before. The remodeling was completed about March 15, 1977.

The existing meter on the premises was a four-digit meter, capable of recording consumption of electricity up to 9,999 kilowatt hours (KWH). Billings began on January 13, at which time the meter read "1796." On February 11, the meter read "9080." Simple mathematics produce a usage of 7284 KWH (9080 - 1796) in that period. The bill for such usage was approximately $256.

On March 14 the reading was "6258." Again using simple mathematics, and using the knowledge that the meter "turned over" after registering 9,999 KWH, the usage calculated was 7178 KWH (10,000 - 9080 = 920; 920 + 6258 = 7178), and the bill was about $252.

On April 13, after the remodeling was completed and the new electrical refrigeration had been in use for about 1 month, the meter reading was 6740 KWH. Plaintiff's computer then calculated a usage of 482 KWH (6740 - 6258), resulting in a bill of about $25. Similar calculations were made by the computer for

the next 8 months, resulting in billings ranging from $25 to $137.18.

An employee of plaintiff had gone to defendant's premises each month from February to November and had recorded the reading of the meter. Monthly bills were rendered to defendant, on the basis set out above, and promptly paid by defendant.

In November of 1977 plaintiff's meter reader notified his supervisor that there could be a problem with the billings at defendant's premises, because there was a "reasonably good-sized business" there and the electrical consumption was only 600 to 800 KWH per month.

Plaintiff's employees then checked the meter and found it to be functioning properly and that it had not been tampered with in any way. Further check was made by "accessing the billing system in the computer," and the discrepancy between the February and March bills of about $250 each and the April billing of $25 was noted. A five-digit meter was installed, and the usage in the next succeeding month from December 14, 1977, to January 13, 1978, was indicated as being 12,430 KWH.

Plaintiff's employees then made the deduction that defendant had been underbilled by 10,000 KWH during each month from February through December. A corrected billing, based on this assumption and the simple mathematics flowing from it, was prepared and defendant was billed for an additional $3,053.07. Defendant refused to pay the additional amount, and this extended litigation (99 pages of transcript) followed.

After trial in the municipal court of Lincoln, the following order was made: "On consideration of the pleadings, the evidence adduced at trial, the briefs of counsel, the Court finds: 1) That the foundation for the admission of plaintiff's exhibits was proper, said exhibits being business records prepared in the course of a regularly conducted business under the witness's

supervision. 2) Plaintiff proved a prima facie case of mistake made bona fide for services delivered to and used by defendant, and the reasonableness of the charges based on rates in effect at the time. No evidence was adduced by defendant. The burden of evidence shifted to the adverse party and was not forthcoming. Evidence as to calculations of the usage, testified to by witness of plaintiff, was based on computations, records and machine use which were reasonable and persuasive. 3) Nebraska law clearly permits recovery for furnishing goods and services delivered where a mistake is inadvertent and unilateral. See Valvoline Oil Company v. Duda-Meyers Company, 130 Neb. 190 (1936). See also Baldridge v. Flothow, 123 Neb. 218 (1932). Judgment for plaintiff against defendant in the amount of $3,053.07 plus costs. Thomas J. McManus, Judge."

The District Court, hearing the appeal de novo on the record, reached the same conclusion and affirmed the judgment of the municipal court.

On its appeal to this court, defendant alleges that the plaintiff's exhibits were based on hearsay and were not admissible as exceptions to the hearsay rule set out in Neb. Rev. Stat. § 27-803(5) (Reissue 1979); that the opinion of plaintiff's witness is inadmissible unless the underlying data is reliable (Neb. Rev. Stat. § 27-701 (Reissue 1979)); and that, in any event, where plaintiff has made a unilateral mistake, plaintiff must prove that the mistake occurred notwithstanding the exercise of reasonable care by plaintiff. Each of these contentions was expressly determined in favor of plaintiff by the municipal court and the District Court, each court citing the authority cited herein. We find no fault in the clear order of the municipal court and in the order of the District Court affirming that judgment. We affirm.

First of all, plaintiff has clearly adduced testimony within the purview of § 27-803(5). Plaintiff's witness was the supervisor of all billing for consumer account-

ing. As such supervisor, he is the custodian or a qualified witness with regard to billing records. He had access to such billings on the business records of plaintiff; prepared a data compilation near in time to the events and conditions of the billings; and prepared such data in the course of his regularly conducted activities as an employee of plaintiff. The resulting opinion of such qualified witness, assuming he is determined to be a lay witness, is clearly admissible within the ambit of § 27-701, because his conclusion is "rationally based on the perception of the witness" and is "helpful to a clear understanding of his testimony" and to a "determination of a fact in issue." Plaintiff's witness, the supervisor, clearly explained the mathematical conclusions as to the underbillings and clearly explained the factual basis of his opinion as to the fact of the underbillings.

Once that fact was presented to the trier of fact, the defendant had the opportunity to rebut it. Defendant chose not to do so, relying on its conclusion that the evidence was inadmissible. The evidence was admissible and, if believed by the trier of fact, clearly supports the judgment appealed from.

Defendant's remaining assignment of error is that: "In a case where a party claims a mistake in electrical billing arising from a faulty meter, the party claiming under the mistake must show that it exercised reasonable care to avoid such mistake and where such party's employees visited and viewed, indeed, read the faulty meter once a month for an entire year, such conduct as a matter of law is not the exercise of reasonable care."

Defendant misses the point in this case. The meter was not faulty; it recorded accurately within its limits, but the calculations made by plaintiff's computer were faulty in that those calculations did not consider that the meter had turned over and thus the calculations missed a usage of 10,000 KWH each month. Plaintiff clearly established this fact, albeit by circumstantial evidence, and defendant chose not to attempt in any

manner to rebut such fact.

As stated in both the municipal court and the District Court, the instant case is controlled by the holding in *Valvoline Oil Co. v. Duda-Myers Co.*, 130 Neb. 190, 264 N.W. 464 (1936). Plaintiff clearly established a prima facie case that it furnished a precise amount of electricity to defendant; that it made a mistake in calculating the dollar amount due from defendant for such electricity; that such mistake was made innocently and inadvertently; and that the mistake caused plaintiff financial injury and resulted in profit to defendant. Defendant offered no evidence to rebut that prima facie case. The factual determination is inescapable that defendant received the use of a great deal of electricity for which it did not pay.

The judgment in favor of plaintiff and against defendant is correct and is affirmed.

AFFIRMED.