RUTH BROWN ET AL. V. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.*

FILED FEBRUARY 19, 1902. No. 11,121.

Commissioner's opinion, Department No. 3.

1. **Railroad Right of Way: DEPOSIT WITH COUNTY JUDGE: LIABILITY OF COMPANY.** The deposit of money by a railway company with a county judge, during the progress of proceedings to obtain a right of way, does not, unless it is withdrawn by the property owner, discharge the obligation of the company to make just compensation for the property taken or damaged.

2. ———: ———: ———. One whose property has been taken by a railway company for a right of way by statutory proceedings for that purpose may, after the proceedings have terminated, recover the amount awarded to him by an action at law against

the company, and he is not bound to resort to the fund deposited with the county judge during the proceedings, as required by statute..

3. ——: ——: ——: REPUDIATION: ESTOPPEL. A railway company, after having prosecuted proceedings to obtain a right of way to a final determination, is estopped to repudiate or abandon them, and is bound to pay the amount of the award to the landowner.

ERROR from the district court for Lancaster county. Tried below before TUTTLE, J. *Reversed.*

*Benjamin F. Johnson,* for plaintiffs in error.

*W. F. Evans* and *Billingsley & Greene, contra.*

AMES, C.

In 1892 the defendant in error began proceedings in the county court for Lancaster county for the acquisition, in the usual manner, of a right of way for railroad purposes over and upon certain lots in the city of Lincoln, a part of which were owned by the plaintiffs in error, and a part by one Westerfield. Commissioners appointed for the purpose assessed the total damages to these lots at $1,600, and this amount of money was thereupon deposited by the company with the county judge. Upon an appeal to the district court this award was for some reason set aside, and afterwards, under a new commission issuing from the county court, damages were assessed at $950. The property owners and the company then agreed to refrain from the further prosecution of the proceedings, and in consideration thereof it was stipulated that the compensation to be paid to the former should be $1,200, or, as the pleadings phrase it, the award should be increased to that sum, one-half thereof to be paid to Westerfield and the other half to the plaintiffs in error. The money deposited by the company at the time of the first appraisement was permitted by it to be retained by the county judge and was directed by it to be applied, so far as requisite, to the satisfaction of such claims for damages as should finally be established in the behalf of the property owners. Soon

after the making of the agreement, Westerfield was, with
the consent of the company, permitted to withdraw $600
from the fund; but it was further stipulated between the
latter and the plaintiffs in error that their part of the
sum agreed upon should not be withdrawn until they
should convey to the company, by sufficient warranty
deeds, the fee title to that part of the lots belonging to
them. It is alleged by the company and denied by the
plaintiffs in error that it was an expressed part of the
agreement that the property owners should look to the
funds in the hands of the county judge for their money,
but none of the stipulations is in writing and there is no
evidence upon the point in the record. With this excep-
tion, however, there is no dispute as to what occurred be-
tween the parties, and we think the fair interpretation of
the pleadings and circumstances is that both of them un-
derstood that the amount of the award, $950, and an addi-
tional $250, making a total of $1,200, should remain in
the hands of the judge in the character of a statutory
deposit, until withdrawn by the parties entitled to it by
the terms of the compromise. Westerfield, as already
noted, withdrew his money speedily, but there was some
delay on the part of the plaintiffs in error because there
was some difficulty about their title which needed to be
settled by a decree of court before they could make satis-
factory deeds of warranty conveying their land. This diffi-
culty was finally overcome, and the required deeds were
executed and delivered, and a demand was made upon the
company to pay $600 to the plaintiffs in error in consid-
eration of the premises. Payment was refused, and this
action was brought to recover the sum demanded. It is
admitted that neither party has withdrawn the money
from the county judge or his successor in office, or made
any attempt or request to do so. The trial judge was of
the opinion that upon this state of facts the plaintiffs were
not entitled to recover, and instructed the jury to return
a verdict for the defendant, and thus is presented the only
question in the case.

We are of the opinion that the district court erred. The constitution of this state provides, section 21, article 1: "The property of no person shall be taken or damaged for public use without just compensation therefor." The language of this section is imperative, and the right of the property owners to compensation is unqualified. This right can not be impaired or modified by legislation or otherwise. He is not compensated until the sum to which he is entitled is paid or tendered to him or to some one authorized by him to receive it. It is not competent for either the legislature or the courts to appoint some person without his consent, and to say that payment or deposit with such appointee shall be equivalent to payment to him. If the statute expressly so provided, or was susceptible of that construction, it would be unconstitutional and void. In our opinion such is not its meaning, although it goes to the furthest limit permissible. The money, after the assessment has been made, is deposited with the county judge, not as payment, but as security that payment shall be made; and no act of the railway company, or of the court, or of any other person except the property owner, can convert it into a payment, or relieve the corporation of its obligation, not to secure, but actually to make, just compensation for the property taken or damaged. The property owner may, if he chooses, waive his privilege, and apply for and receive the sum awarded and deposited, and by so doing he, of course, relieves both the company and the judge of all further or other responsibility; but he may also, if he prefers, stand upon his constitutional right and demand that the sum awarded be paid to him, or to an agent of his own choosing. Neither during the pendency of the proceedings nor after they have ended can he be compelled to resort for the satisfaction of his demands to the uncertain security of official responsibility, nor to incur the risk of official delinquency. He can not be charged with the negligence or shortcomings of an agent in whose appointment he did not concur, nor can he be accused of

negligence because of failure to demand of a third person a sum of money which his adversary is under obligation to pay himself.    The proceeding is instituted at the instance and for the benefit of the railway company, and the deposit is permitted to be made solely for its convenience.  Having made it, the company obtains a license to enter upon the land, but does not accomplish a taking of the property, or acquire an easement therein, until it has satisfied the constitutional requirement and made 'compensation therefor to the person owning the same.   Commenting upon similar constitutional and statutory enactments, the supreme court of Iowa, in *White v. Wabash, St. L. & P. R. Co.*, 64 Ia., 281, 20 N. W. Rep., 436, say: "These provisions are in harmony with the constitution.   The payment of the money to the sheriff can not be regarded as a payment to the landowner.   Section 1244 provides that the amount of damages shall be paid to the sheriff 'for the use' of the owner of the land.   This evidently means nothing more than that it shall be paid by the sheriff at the proper time to the owner.   The sheriff can not be regarded as the agent of the owner, but rather as the agent of the railway company, which invoked his services by instituting the proceedings.   The money can not be regarded as having been paid into court, and therefore in the custody of the law.   But, if this be not so, the payment to the sheriff is not payment to the landowners.   If, through the unfaithfulness or mistake of the sheriff, or the failure to pursue the directions of the statute, the money should be lost, and not reach the hands of the landowner, the loss ought not to fall upon him, but rather upon the railway company, which was the mover in the proceedings, and received the benefits flowing from them. *Blackshire v. Atchison, T. & S. F. R. Co.*, 13 Kan., 514."

There is evidence in the record that the county judge with whom the deposit was made failed to account for the money or to pay it over to his successor in office, and, continuing in default, had departed from the state; but we

have omitted to comment upon this fact, because, in our opinion, it is immaterial.   The undisputed facts are that at about the time of the making of the award the defendant entered into possession of the property, and has since enjoyed an easement in it for railroad purposes, and that the plaintiffs in error have not been compensated therefor. But actual possession by the railway company is not essential to the plaintiff's right of recovery.   The former, after having prosecuted the proceedings to a final determination, is estopped to repudiate or abandon them and is bound to pay the amount of the award to the landowner. *Drath v. Burlington & M. R. R. Co.*, 15 Nebr., 367.   Upon that state of facts, the plaintiffs, not the defendant, were entitled to recover, and the instruction complained of was erroneous.

It is recommended that the judgment of the district court be reversed and a new trial granted.

DUFFIE and ALBERT, CC., concur.

By the Court:  For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed, and a new trial granted.

REVERSED AND REMANDED.