CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. RUTH BROWN ET AL.

FILED JANUARY 6, 1904. No. 13,435.

1. **Accord and Satisfaction.** An accord, even between the plaintiff and a third party, as to the subject matter of an action, and a satisfaction moving from such third party to the plaintiff, are available in bar of the action, if the defendant has authorized or ratified the settlement.

2. ———: RATIFICATION. A plea interposing such defense is of itself a ratification of the settlement.

3. ———: CONSIDERATION. That it is uncertain which of two parties, both of whom deny liability, is liable for a debt of a fixed and certain amount, is a sufficient consideration to support a settlement between one of such parties and the creditor, whereby the creditor accepts a part of the amount due in discharge of the debt.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*W. F. Evans, Lorenzo W. Billingsley, Robert J. Greene* and *Richard H. Hagelin,* for plaintiff in error.

*Benjamin F. Johnson, contra.*

ALBERT, C.

The plaintiff in error, hereinafter called the company, began proceedings in the county court for the condemna-

tion of certain real estate, a part of which was owned by
the defendants in error, the rest by another party. The
damages were assessed at $1,700 and the amount was de-
posited by the company with the county judge. On appeal
the award was set aside. A new commission was then ap-
pointed, who assessed the damages at $950. Thereupon it
was agreed between the parties that the award should be in-
creased to $1,200, one-half of which should be paid to the
defendants in error, the remainder to the other owner.
The company permitted the county judge to retain the
amount it had deposited with him, directing him to apply
it, so far as requisite, to the satisfaction of such amount
as should be awarded the owners as damages. As to the
share of the defendants in error, it was stipulated be-
tween them and the company that it should not be paid
until they should convey the fee title to that part of
the land belonging to them to the company by good and
sufficient deeds. Such conveyances were afterwards made.
The damages due the defendants in error were not paid,
and they brought this action against the company for
the recovery thereof.

The district court held that, by the deposit of the
amount of the award with the county judge, the com-
pany had discharged its liability to the defendants in
error, and gave judgment accordingly. The defendants
in error then brought the case to this court for review.
The opinion is reported under the title of *Brown v. Chi-
cago, R. I. & P. R. Co.*, 64 Neb. 62. In disposing of the
case this court held:

"The deposit of money by a railway company with a
county judge, during the progress of proceedings to ob-
tain a right of way, does not, unless it is withdrawn by
the property owner, discharge the obligation of the com-
pany to make just compensation for the property taken
or damaged."

The judgment of the district court was reversed and
the cause remanded for a new trial.

After the case had been remanded the company filed

a supplemental answer, which, so far as is material at present, is as follows:

"The defendant further and as supplemental to the defense set forth in its answer heretofore filed, and arising since said answer was filed, alleges that on or about the 6th day of January, 1899, the plaintiffs herein demanded of one Isaac M. Raymond payment of the sum of $600 and interest accrued, claiming that the said Raymond, by reason of the fact that he was surety on the bond of I. W. Lansing, county judge of Lancaster county, Nebraska, at the time alleged in the answer of the defendant, and the further fact that said Lansing had failed to pay said sum to the parties entitled thereto, or to his successor in office, was liable to pay said sum of $600 to plaintiffs; that said Raymond denied the liability of said railway company, of said Lansing, and of said Lansing's bondsmen upon the claim of the plaintiff herein sued on; that the facts were disputed by the parties, and finally as a settlement, compromise, accord and satisfaction, it was agreed by and between the parties that the said Raymond should pay to the said plaintiffs, in full discharge of all liability of all the parties resulting from the appropriation by the Chicago, Rock Island & Pacific Railway Company of the east 42 feet of the south half of lot C, subdivision of lots 4, 5 and 6, in block 28, Kinney's O Street Addition to the city of Lincoln, Lancaster county, Nebraska, and said Raymond thereupon paid to said plaintiffs the sum of $475, and, as evidence of the acts of the parties in the premises, received from said plaintiffs the discharge and release of all the parties from all liability sued for herein, as follows, to wit:

" 'In the Matter of the Claim of Ruth Brown and B. F. Johnson, against the bondsmen of I. W. Lansing, late county judge of Lancaster county, Nebraska.

" 'In consideration of the payment of $475, the said Ruth Brown and B. F. Johnson hereby release I. M. Raymond,

one of the bondsmen of the said I. W. Lansing, from all liability resulting from the appropriation by the Chicago, Rock Island & Pacific Railway Company of the east forty-two (42) feet of the south half (S. ½) of lot C, subdivision of lots four (4), five (5) and six (6), Kinney's O Street Addition to the city of Lincoln, Lancaster county, Nebraska, and hereby acknowledge the receipt of the said $475 in full satisfaction of said above claim.

> " '(Signed)      RUTH BROWN,
> " 'By B. F. JOHNSON, *her Attorney.*
> " '(Signed)      B. F. JOHNSON.'

"That thereby and as above pleaded and set forth, the matters disputed between plaintiffs and defendant and the said bondsmen of said I. W. Lansing, county judge, were fully settled and compromised and full payment, accord and satisfaction of the debt herein sued on made. Wherefore, having fully answered, the defendant prays that it recover its costs herein laid out and expended."

From the pleadings and the evidence in the present case it conclusively appears that, while the former appeal was pending in this court, the defendants in error made the settlement shown by the release set out in the supplemental answer, executed the release and received the amount therein specified. The court directed a verdict in favor of the defendants in error, and gave judgment accordingly. The company brings error.

Although presented by different assignments, there is but one question presented by the record now before us, and that is, whether the settlement had between the defendants in error and the surety on the official bond of the county judge is a defense to this action.

We think this question must be answered in the affirmative. It is well settled that an accord, even between the plaintiff and a third party, as to the subject matter of suit, and a satisfaction moving from such third party to the plaintiff and accepted by him, are available in bar of the action, if the defendant has either authorized or rati-

fied the settlement. *Leavitt & Lee v. Morrow,* 6 Ohio St. 71. The case cited contains an elaborate discussion of the principles underlying the doctrine, which is also supported by the following: *Jackson v. Pennsylvania R. Co.,* 66 N. J. Law, 319; *Bennett v. Hill,* 14 R. I. 322; *Porter v. Chicago, I. & D. R. Co.,* 99 Ia. 351; *Snyder v. Pharo,* 25 Fed. 398; *Gray v. Herman,* 75 Wis. 453; Beach, Modern Law Contracts, p. 452. The supplemental answer of itself is a ratification of the settlement. *Leavitt & Lee v. Morrow, Bennett v. Hill and Snyder v. Pharo, supra.*

But the defendants in error contend that the amount due was fixed and certain, and that an agreement to accept a less amount in discharge thereof was without consideration. At the time the settlement was made both the company and the party who made settlement of the claim denied any and all liability therefor. It was uncertain whether the defendants in error would recover of the company, or would be forced to proceed against the county judge or his sureties. That of itself shows a sufficient consideration for the settlement. *Chicago, R. I. & P. R. Co. v. Buckstaff,* 65 Neb. 334; *Chicora Fertilizer Co. v. Dunan,* 91 Md. 144, 50 L. R. A. 401; *Emerson v. Slater,* 22 How. (U. S.) 43; *Fuller v. Kemp,* 138 N. Y. 231.

It is next contended that there is no averment in the supplemental answer to the effect that the defendants in error accepted the $475 in satisfaction of the claim. The pleading referred to is set out at length, and we do not think it is open to the criticism urged against it.

The plaintiffs also contend that the court was justified in directing a verdict because the defendants introduced no evidence save the release. It is hardly true that the defendants introduced no evidence but the release. They introduced evidence showing that one of the plaintiffs who was present when the release was signed stated that at the time of the settlement the liability of the surety was in dispute. Besides, the plaintiffs in rebuttal showed that they had received the $475 at the time of the execution of the release. It was also shown on the cross-examination

of one of the plaintiffs that he knew what was in the release before he signed it, and that it stated the facts; its execution was admitted. In short, we think the material facts pleaded as accord and satisfaction were conclusively established by the evidence.

It follows, therefore, that the judgment of the district court is erroneous, and we recommend that it be reversed and the cause be remanded for further proceedings according to law.

BARNES and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED.