RUTH BROWN ET AL. V. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

FILED JUNE 8, 1906. No. 14,289.

Principal and Surety: DISCHARGE. If a creditor to whom two persons are obligated, one as principal and the other as surety, release the former he also discharges the latter, and the same principle is applicable when the person released is, as to the creditor, a surety only, if he is known to be ultimately liable to the party not formally discharged. The creditor cannot intentionally deprive his debtor of his indemnity, and still hold him to his obligation.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Benjamin F. Johnson,* for plaintiff in error.

*Billingsley & Greene, contra.*

AMES, C.

This case is now for a fifth time before this court, and for a history of it and of the circumstances out of which it arose reference is made to former opinions of the court in 64 Neb. 62, and 70 Neb. 696. In the last of these opinions it was held that the amended answer and supplemental answer of the railway company stated facts constituting a defense, especially the latter which pleaded a settlement, accord and satisfaction between the plaintiffs and one of the sureties of the defaulting county judge. A judgment for the plaintiffs upon a directed verdict was accordingly reversed and the cause remanded for a new trial. When the cause was reached in the district court, the plaintiffs withdrew their replies and demurred generally to the amended and supplemental answers, with the inevitable result that the demurrer was overruled and a judgment was rendered for the defendant. From that judgment this proceeding in error is prosecuted, which presents the identical controversy argued and decided in *Chicago, R. I. & P. R. Co. v. Brown,* 70 Neb. 696. We are entirely satisfied with the opinion of Mr. Commissioner ALBERT, filed at the last hearing, which has become the "law of the case," and to which we refer in preference to repeating it here. We will, however, note what appears to us to be an additional reason for the decision then made. As between the railway company and the county judge and his sureties, the latter were, under the circumstances of this case, the principal debtors. That is to say: If before, or in the absence of, the settlement the plaintiffs had recovered any sum from the company it would have been entitled to indemnification at the hands of the officer and his sureties, and it follows as a matter of course that a settlement with and discharge of the latter by the plaintiffs released also the party for whom they were sponsors; for it cannot be doubted that if a creditor to whom two persons are obligated, one as principal and the other as surety, releases the former he also discharges the

latter, and we think there is no difference in principle if the person released is, as to the creditor, a surety only, if he is known to be ultimately liable to the party not formally discharged. The creditor cannot intentionally deprive his debtor of his indemnity, and still hold him to his obligation.

We recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.