GAETANA TARASCIO ET AL., APPELLEES, V. SAMUEL MANCUSO, APPELLANT.

3 N. W. (2d) 400

FILED APRIL 10, 1942. No. 31268.

Thomas E. Conley and George Evens, for appellant.

Samuel P. Caniglia, contra.

*Morsman & Maxwell* and *Kennedy, Holland, DeLacy & Svoboda, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

This is an action brought to declare a mortgage null and void. Defendant by cross-petition prays for the foreclosure of the mortgage. The trial court held that the mortgage was null and void, canceled it of record, and gave plaintiffs a judgment of recovery for all payments made within the period of the statute of limitations.

Defendant on appeal assigns many errors, but by argument confines the question to that of whether or not the note and mortgage are enforceable obligations. We determine that question.

September 24, 1927, the defendant entered into a contract to sell to Andrea and Gaetana Tarascio a residence property in the city of Omaha for $1,500 payable $20 monthly. By 1933 the Tarascios were indebted to the defendant in the amount of approximately $1,400, payments were delinquent, and defendant was insisting upon payment or foreclosure. After discussing the matter with Mr. Tarascio, defendant went to the office of the Home Owners Loan Corporation to see what could be done about refinancing. The result was that on August 11, 1933, Mr. Tarascio made application for a loan at the instigation of the defendant. This application recited the indebtedness to the defendant of $1,400 and in addition delinquent taxes. Defendant testified, in effect, that upon his first call to the Home Owners Loan Corporation office he was told he could take a second mortgage. However, it appears that this statement was made to him in this first conversation when he was asking about the "rules" and before any application was submitted to the Home Owners Loan Corporation by the Tarascios and before that corporation had made any investigation of the property or the condition of the debtor. We find no reference to any subsequent discussion or mention of a second

mortgage and the Home Owners Loan Corporation has no record of any such notice or understanding.

However, there was received in evidence a "loan agreement" on a Home Owners Loan Corporation form, which referred to the property, to the amount due on the loan, and to the delinquent payments and unpaid taxes. Written in a blank space on the form are these words: "I will accept $685 in full settlement." Immediately thereunder is the signature of the defendant. Defendant testified that he signed this on August 13, 1933, two days after the application was made.

There is no direct evidence as to how the $685 was arrived at. However, defendant offered the Tarascio application for a loan in evidence without qualification. On the application after a reference to the "Mancuso balance, $1,400" in writing are the figures "685"; below that "Ins. 25.00; tax 125.00; reprs. 200.00." These figures total $1,035.

It further appears that the total loan finally approved by the Home Owners Loan Corporation was $1,040. The settlement sheet dated December 14, 1933, shows "advanced to lien holders Samuel Mancuso" bonds and accrued interest total $661.72, cash $16.78, total $678.50 "Paid to mortgagee." Other disbursements including taxes, repairs $200, expenses of the loan, etc., total $361.50.

December 20, 1933, Mr. and Mrs. Tarascio executed, acknowledged and delivered a mortgage to the defendant to secure a note "of even date" for $840 (the note is dated December 22, 1933), reciting that it was subject to a first mortgage in favor of "Home Owners Loan Corporation." The Home Owners Loan Corporation had no knowledge of this note and mortgage.

December 26, 1933, the defendant signed a "Lien holder" receipt to the corporation reciting that he had received "authorization for delivery of Home Owners Loan Corporation bonds in the amount of $661.72 and $16.78 in cash in full payment of amount due the undersigned as lien holder in the matter of the loan of Andrea Tarascio and Gaetana Tarascio * *·* refunded by the above corporation."

The next day, December 27, 1933, the mortgage in question was recorded. The defendant as of January 1, 1934, furnished the Tarascios a statement showing that he figured that there was due $1,418.09 on the contract. He then discounted the $650 in bonds to their "present day value at the rate of $83.50" and arrived at a balance due him of $850.77 shown on the statement as $840 second mortgage and $10.77 "Balance still remaining due." There is no question but what the note and mortgage in this action were given for the amount which the defendant calculated would still be owing to him after he received and discounted the Home Owners Loan Corporation bonds.

There is also evidence in the record that the regulations of the Home Owners Loan Corporation provided in effect that a second mortgage for any unpaid balance could not be taken in a refinancing operation without the approval of the home office. There is no evidence that this regulation was brought to the attention of the defendant. We do not rest the decision in any way upon that feature of the case, and it will not be discussed.

It is patent from this record, and we so find, that defendant agreed to accept $685 in full settlement of the indebtedness on the property. The loan settlement of December 14, 1933, showed that the defendant would receive bonds of the face value of $650. He calculated "present day value" of these bonds at $542.75 and determined that the Tarascios still owed him $840. He then required the Tarascios to execute and deliver the note and mortgage involved in this action. He did not advise the Home Owners Loan Corporation of that fact. Having that in his possession he then accepted from and receipted to the Home Owners Loan Corporation for the delivery of said bonds "in full payment of the amount due" him "as lien holder in the matter of the loan * * * refunded" by the corporation. He then recorded his mortgage and over a period of years collected on the note it was given to secure.

The rule is stated in Restatement, Contracts, sec. 421: "A payment or other performance by a third person, accept-

ed by a creditor as full or partial satisfaction of his claim, discharges the debtor's duty in accordance with the terms on which the third person offered it." The illustration is: "A owes B a liquidated undisputed debt of $100. C pays B $50 in satisfaction of A's debt, and A accepts the payment as satisfaction. The payment, being made by a third person, discharges the debt."

"As heretofore shown, the prevailing rule is that an accord and satisfaction between the creditor and a stranger is available as a defense to the debtor if adopted and ratified by him. The question therefore arises as to whether part payment by a stranger may operate as a valid accord and satisfaction. The view that such a part payment may so operate is another well-settled exception to and method of circumventing the general rule as regards part payments of liquidated demands, and it is settled that if part payment is made by a third person at the request and with the authority of the debtor, and is received by the creditor in full satisfaction, there is a good accord and satisfaction, as the creditor receives a benefit in securing the payment by such third person; otherwise, due to the financial condition of the debtor, he may not have been able to secure payment of any part of the debt." 1 Am. Jur. 247, sec. 55. "It cannot be doubted that if what is given by the stranger is accepted in satisfaction by the creditor and his act is authorized or subsequently ratified by the debtor there will be a complete accord and satisfaction of the debt or demand." 1 C. J. 535. See, also, 1 C. J. S. 482, sec. 12. "Payment by a third person of a sum less than the amount due, with the understanding that it shall be in full satisfaction thereof, is a valid accord and satisfaction, and no action will lie against the debtor to recover the balance. In such case there is a new consideration from a new party, and the general rule that the receipt of a smaller sum is not a good accord and satisfaction of a larger one does not apply." 1 C. J. 545.

In *Chicago, R. I. & P. R. Co. v. Brown*, 70 Neb. 696, 97 N. W. 1038, this court held: "An accord, even between the plaintiff and a third party, as to the subject-matter of an

action, and a satisfaction moving from such third party to the plaintiff, are available in bar of the action, if the defendant has authorized or ratified the settlement."

It necessarily follows that the debt of the Tarascios to the defendant represented by the note and mortgage was fully satisfied by the payment to the defendant from the Home Owners Loan Corporation.

Defendant also assigns as error the judgment against him for the recovery of payments made by plaintiff which are not barred by the statute of limitations. This court has held: "Where money is paid to another under the influence of mistake, that is, upon the supposition that a specific fact is true, which would entitle the other to the money, but which fact is untrue, and the money would not have been paid if it had been known to the payor that the fact was untrue, an action will lie to recover it back." *Merchants-Mechanics First Nat. Bank v. Cavers Elevator Co.,* 105 Neb. 321, 180 N. W. 588. See 48 C. J. 759; 10 C. J. S. 1011, sec. 467 h; 8 Am. Jur. 495, sec. 854.

Under the facts of this case, the judgment of the trial court allowing a recovery of payments made was proper.

The judgment of the trial court is

AFFIRMED.