DONALD S. KRAUSE ET AL., APPELLANTS, v. FRANK L. SWANSON ET AL., APPELLEES.

3 N. W. (2d) 407

FILED APRIL 10, 1942. No. 31266.

*R. B. Hasselquist* and *Gilbert P. Hansen,* for appellants.

*Brown, Crossman, West, Barton & Fitch, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action in equity by Donald S. Krause and Jeanette Krause, plaintiffs and appellants, against Frank L. Swanson and Lenore Beveridge Swanson, defendants and appellees, the purpose and prayer of which is to cancel and set aside a promissory note and second mortgage. After trial in the district court, a decree was entered denying the relief prayed by the plaintiffs. From this decree the plaintiffs have appealed.

The substantial facts on which the action is based are the following: On January 21, 1933, the defendant Lenore Beveridge Swanson was the owner of the south 44 feet of the north 88 feet of lots 8 and 9, block one (1), Comer's addition to the city of Omaha, Douglas county, Nebraska. On this date she sold this real estate on land contract to the plaintiffs for $3,400. The terms of the contract called for an initial payment of $250 with payments thereafter at the rate of $30 a month. The interest rate was 6 per cent. per annum. At the time of sale the Omaha Loan & Building Asso-

ciation held a first mortgage on the premises. Within a short time plaintiffs defaulted in their payments under the terms of the contract, and in payment of taxes which they were required to pay by the terms of the contract. After default the plaintiffs, with consent of defendant Lenore Beveridge Swanson, sought a refinancing loan from the Home Owners Loan Corporation, which corporation will be hereafter referred to as H. O. L. C. Finally on September 20, 1935, a loan was consummated from H. O. L. C. in the amount of $2,977.60, which was based on an appraised value by H. O. L. C. of $3,722. Prior to the making of the loan the defendant Lenore Beveridge Swanson executed a "Mortgagee's consent to take bonds" on a form supplied by H. O. L. C., which contained the following provisions:

"Being informed that application to refund above indebtedness has been made to Home Owners Loan Corporation under the provisions of the Home Owners Loan Act of 1933, as amended, the undersigned hereby offers and consents, if said refunding can be consummated, to accept in full settlement of the indebtedness above set forth the aggregate sum of $2,505.48 in bonds, par value, of the Home Owners Loan Corporation, in accrued interest thereon, and in cash necessary for adjustment not exceeding $25, and thereupon to discharge all claims of the undersigned against said property.

"The undersigned represents that he will not require of the applicant any second mortgage or other instrument evidencing any portion of the aforesaid obligation or the payment of any money or any other additional consideration except only as follows: None."

To complete the transaction the defendant Lenore Beveridge Swanson transferred title to the plaintiffs by warranty deed. This defendant accepted and receipted for the bonds specified in the consent and liquidated her mortgage to the Omaha Loan & Building Association. The receipts from refinancing were less than the amount owing by plaintiffs to defendant Lenore Beveridge Swanson under their contract. After the refinancing through H. O. L. C., plaintiff Donald S. Krause and defendant Lenore Beveridge

Swanson agreed on the amount of $450 as the difference, and which difference they agreed represented an indebtedness by plaintiffs to defendant Lenore Beveridge Swanson. On October 21, 1935, the plaintiffs executed and delivered to the defendant Frank L. Swanson their promissory note for $450, representing the difference between the balance due on the contract and the avails to defendant Lenore Beveridge Swanson from the H. O. L. C. loan. This note bears interest at 7 per cent. per annum and is payable in instalments of $30 each six months. The note was secured by a second mortgage on the real estate involved herein.

As ground for reversal the plaintiffs claim that this note and mortgage are void for reasons (1) that they were without the knowledge and consent and made in secrecy from the H. O. L. C., (2) that a promise to execute them was compelled by the defendants, (3) that the agreement and release between the H. O. L. C. and the defendant Lenore Beveridge Swanson released and discharged the plaintiffs from the mortgage debt, and (4) that the taking of the promissory note and second mortgage was contrary to the laws of the United States and the Home Owners Loan Act of 1933, and the rules and regulations promulgated thereunder.

Factually we find no difficulty with any of the propositions set forth. It is true that the promissory note and second mortgage were without the knowledge and did not have the consent of H. O. L. C. The evidence does not support the claim that plaintiffs were compelled to promise to execute or to execute the note and mortgage. The evidence of plaintiffs does indicate that defendant Lenore Beveridge Swanson insisted upon payment in cash, or a note and second mortgage, for the difference between the bonds and the balance due on the land contract before execution of the consent to take bonds, while defendants' evidence is to the effect that she insisted upon cash which was never paid to her. It is beyond dispute that plaintiff Donald S. Krause offered cash, or cash and a second mortgage.

The proposition that the taking of the promissory note was violative of the federal laws pertaining to the Home

Owners Loan Act of 1933 is without any foundation whatever. An examination of the act fails to disclose anything even remotely bearing upon the question of further encumbering real estate after H. O. L. C. loan thereon. Moreover, the plaintiffs do not attempt to point out wherein the agreement to take a second mortgage is violative of the act. They ground their position on the proposition that the agreement *violates the spirit of the act, denotes bad faith, is against public policy, and the note and mortgage so given are void.* *Cook v. Donner,* 145 Kan. 674, 66 Pac. (2d) 587.

With no purpose expressed and no statement contained from which it may be reasonably implied that the national congress intended to abridge, if it constitutionally could, the right of an owner to encumber real estate further after the placing of a loan thereon by the H. O. L. C., it is difficult to understand how it may be said that an agreement such as the one under consideration here is violative of the spirit of the Home Owners Loan Act. It is equally difficult to understand, in the light of an entire lack of declaration of a legislative purpose or policy with regard to agreements for or the taking of second mortgages, how a public policy may be found growing out of the act of sufficient force and effect to nullify and render void such agreements or second mortgages. On this proposition we arrive at the same conclusion as did the Arkansas court in *McMillan v. Palmer,* 198 Ark. 805, 131 S. W. (2d) 943.

Coming now to the rules and regulations promulgated under the Home Owners Loan Act without setting them out, examination discloses that the ones called to our attention are plainly rules for guidance and control of the agents and agencies of H. O. L. C. in the making of loans. In the connection with which we are here concerned the regulations specify when the agents and agencies may and may not agree that second mortgages may be taken by the holders of mortgages which are liquidated by the H. O. L. C. loans. The regulations do not express or imply any force or effect upon or against persons or agencies other than those of H. O. L. C.

The next question to be considered is the effect of the mortgagee's consent to take bonds in the light of the facts and circumstances disclosed by the record. The record discloses that the plaintiff Donald S. Krause urged defendant Lenore Beveridge Swanson to execute the consent. At a conference at the home of defendants, at the insistence of plaintiff Donald S. Krause it was executed. Defendants testified that plaintiffs were at that time to pay the difference between the value of the bonds and the balance due on the land contract in cash, and that no second mortgage was contemplated. Donald S. Krause says that he agreed to pay in cash if he could, and if he could not then a portion in cash and for the difference a second mortgage would be given. The testimony of Donald S. Krause finds some corroboration in letters written by him to Lenore Beveridge Swanson. In the view we take of this situation the necessity does not arise to weigh the evidence of the parties against each other on this disputed question of fact. The instrument was plain and unambiguous. Lenore Beveridge Swanson was disturbed by the language of the instrument. She called her husband to advise with him with reference to it and after having his advice she executed the consent, and either mailed it or permitted Donald S. Krause to take it for delivery to H. O. L. C. She testified that Donald S. Krause was at the time to pay to her in cash the difference between the bonds and the balance on the land contract, which he did not do. Nevertheless, there is no evidence that she protested then or later the delivery of the instrument to H. O. L. C.

Under this state of the facts and the authorities on this question, we hold that by virtue of the execution of mortgagee's consent to take bonds the debt represented by the land contract was, upon the completion of the H. O. L. C. loan, extinguished. The rule as stated in Restatement, Contracts, sec. 421, is as follows: "A payment or other performance by a third person, accepted by a creditor as full or partial satisfaction of his claim, discharges the debtor's duty in accordance with the terms on which the third person offered it." 6 Williston, Contracts (Rev. ed.) 5224; *Grouf*

*v. State Nat. Bank of St. Louis,* 76 Fed. (2d) 726; *MacDonald v. Williams,* 121 W. Va. 580, 5 S. E. (2d) 528; *McAllister v. Drapeau,* 14 Cal. (2d) 102, 92 Pac. (2d) 911; *Bealkowski v. Powers,* 310 Ill. App. 662, 35 N. E. (2d) 386. See, also, the following cases released herewith: *Platte Valley Bank v. Lemke, ante,* p. 218, 3 N. W. (2d) 396; *Tarascio v. Mancuso, ante,* p. 225, 3 N. W. (2d) 400; *Murphy v. Omaha Loan & Bldg. Ass'n, ante,* p. 230, 3 N. W. (2d) 403.

Attention is now directed to the contention of defendants that under the evidence, notwithstanding the legal extinction of the debt by virtue of the execution of the mortgagee's consent to take bonds and the completion of the H. O. L. C. loan, the note and second mortgage are valid, binding and fully enforceable. The defendants urge in support of this contention that the moral obligation of the plaintiffs was a sufficient consideration for the note and second mortgage given 31 days after the closing of the H. O. L. C. loan.

That there was a moral obligation which was recognized by Donald S. Krause is beyond question. He testified specifically that at the time the instruments were executed he had a moral obligation to pay and further at the time of the trial the same moral obligation existed, and further that even until some time in the year 1939 he considered the obligation legally binding.

In *Fourth Nat. Bank of Cadiz v. Craig,* 1 Neb. (Unof.) 849, 96 N. W. 185, is found the following statement: "The fact that appellants honestly owed the debt, and ought, in equity and good conscience, to pay it, was a sufficient consideration for the execution of the note and mortgage in suit, even if, for some ulterior reason, Walter Craig might have lost his right of action. The principle is well settled that a moral obligation to pay a preexisting legal debt is a good consideration for the execution of a note and mortgage in its payment." This rule is supported by numerous authorities, and we think that the principles announced therein are sound and are applicable to the situation presented by the record in this case. See *Park Falls State Bank v. Fordyce,* 206 Wis. 628, 238 N. W. 516; *Estate of Smith,* 226 Wis. 556,

277 N. W. 141; *Estate of Schoenkerman,* 236 Wis. 311, 294 N. W. 810; *McMillan v. Palmer, supra.*

We conclude, therefore, that the decree of the district court should be, and it is

AFFIRMED.