W. B. ABRAHAMSON, APPELLANT, v. LESTER M. BROWN ET AL., APPELLEES.

30 N. W. 2d 675

Filed February 6, 1948. No. 32316.

J. F. Ratcliff, for appellant.

Leon L. Hines and Fred T. Hanson, for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE,

YEAGER, CHAPPELL, and WENKE, JJ., and LIGHTNER, District Judge.

YEAGER, J.

This is an action by W. B. Abrahamson, plaintiff and appellant, against Lester M. Brown and others, defendants, to foreclose a real estate mortgage on 342.93 acres of land in Sections 28, 29, and 32, Township 3 North, Range 32 West, of the Sixth Principal Meridian, in Hitchcock County, Nebraska, given to secure the payment of a promissory note for $18,000. A trial was had whereupon a decree was entered dismissing plaintiff's petition. Motion for new trial was filed which was overruled. Plaintiff has appealed from the decree and the order overruling the motion for a new trial. All named defendants except Lester M. Brown defaulted and default was duly entered against them. Lilly Brown, though not named as a defendant in the petition, as wife of Lester M. Brown and defendant, joined in an answer to the petition of plaintiff.

The pertinent facts as disclosed by the record are that the defendant Lester M. Brown, who will be hereinafter referred to as Brown, on or about May 22, 1930, purchased a part of the real estate in question on written contract from one J. P. Allen for $47,625. The further terms of the contract are not important to a determination of this case. Later title to all of the land involved in the foreclosure appears to have come to Brown by deed. The indebtedness remaining from Brown to J. P. Allen under the contract continued after title had come to Brown with the land described in the contract as security. Apparently Brown never paid anything on the principal of the obligation except $3,625. He paid interest to March 1, 1931.

Brown, being in default under his contract, with the consent and assistance of J. P. Allen, made application to the Federal Land Bank and Land Bank Commissioner for a loan. On November 7, 1934, loans were approved. The

loan from the Federal Land Bank was $5,000 and the one from the Land Bank Commissioner $2,500. The loans were approved on condition that they would satisfy all of Brown's indebtedness except chattel mortgages on personal property and that J. P. Allen would sign the note or notes as co-maker. The conditions imposed were accepted and complied with and the loans were made. On November 15, 1934, the Citizens State Bank of Trenton by J. P. Allen agreed to accept the bonds of the Federal Land Bank in payment and satisfaction of the indebtedness under the real estate contract between J. P. Allen and Brown.

Although the acceptance was nominally that of the Citizens State Bank of Trenton there is no question but that what was done in this respect was for and on behalf of J. P. Allen. He was at all times the contracting party with Brown and does not contend otherwise.

On December 7, 1934, after agreeing to accept the bonds of the Federal Land Bank in full settlement of the indebtedness under the real estate contract J. P. Allen obtained from Brown two promissory notes each for $18,000 or a total of $36,000. This was the amount he claimed to be due under the real estate contract after receipt of the bonds from the Federal Land Bank. There can be no question but that these notes were exacted for payment of that difference. Whether these notes were secured by mortgage is not certain. In any event no mortgage was recorded.

Later, the date not being certain, J. P. Allen surrendered the two notes and on February 24, 1942, in lieu thereof, obtained a note for $18,000 secured by a mortgage on the real estate described herein. This note and mortgage were intended to represent a part of the indebtedness under the original real estate contract. This note and mortgage were transferred to the plaintiff herein on November 3, 1945. It is this mortgage that plaintiff seeks to foreclose in this action.

There is no contention in this case that any defense

against action by J. P. Allen would not be and is not available against plaintiff herein.

As a defense against the foreclosure of the mortgage and judgment on the note the defendants Lester M. and Lilly Brown say that J. P. Allen, as a condition of the Federal Land Bank and the Land Bank Commissioner making loans on the real estate, agreed to accept the avails of such loans in satisfaction of all claims against Brown except chattel mortgages on personal property and that in pursuance of that agreement he executed and delivered to the Federal Land Bank and the Land Bank Commissioner certificates disclaiming any right, title, or interest in and to, or lien upon, the real estate.

The record discloses that J. P. Allen did execute and deliver the claimed agreement and also that he executed the disclaimers mentioned. · In fact there is no denial in this respect by J. P. Allen. Plaintiff's contention is substantially that notwithstanding the agreement and the disclaimers they do not effect the destruction of the validity of the note and mortgage.

On the question of the validity and effect of such agreements and releases as are in question here this court has spoken on several occasions.

The general rule followed conforms to the general rule stated in Restatement, Contracts, § 421, p. 793, as follows: "A payment or other performance by a third person, accepted by a creditor as full or partial satisfaction of his claim, discharges the debtor's duty in accordance with the terms on which the third person offered it." See Tarascio v. Mancuso, 141 Neb. 225, 3 N. W. 2d 400; Murphy v. Omaha Loan & Bldg. Ass'n, 141 Neb. 230, 3 N. W. 2d 403; Krause v. Swanson, 141 Neb. 256, 3 N. W. 2d 407; Fender v. McCain, 144 Neb. 58, 12 N. W. 2d 541; Gordon v. Young, 146 Neb. 578, 20 N. W. 2d 616; Watters v. Harris, 147 Neb. 1081, 26 N. W. 2d 182.

In Krause v. Swanson, *supra*, an exception to the general rule was announced and it was there held that a moral obligation to pay a preexisting debt such as is

being considered here was a good consideration for the execution of a note and mortgage in its payment. This exception however was repudiated in Fender v. McCain, *supra*. Thus the general rule obtains and is applicable to the facts in this case.

The district court correctly sustained the contention of the defendants that the plaintiff had no right of foreclosure of the mortgage or right of recovery on the note in question in view of the agreement of J. P. Allen with the Federal Land Bank and Land Bank Commissioner whereby he released the indebtedness of Lester M. Brown. This was the only substantial question presented by the appeal.

It therefore follows that the decree of the district court should be and it is affirmed.

AFFIRMED.