J. P. Allen v. Commissioner.
Allen v. Commissioner
Docket No. 39723.
United States Tax Court
1953 Tax Ct. Memo LEXIS 122; 12 T.C.M. (CCH) 994; T.C.M. (RIA) 53290; August 31, 1953
*122 Albert Philipson, Esq., 1001 15th Street, Washington, D.C., for the petitioner. Mark Townsend, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $4,551.34 in the income tax of the petitioner for 1948. The issues for decision are whether the Commissioner erred in disallowing deductions for an alleged bad debt and for court costs in attempting to collect it. The facts have been submitted by a stipulation. The petitioner filed his individual return for 1948 with the collector of internal revenue for the District of Nebraska. He stated on the return that his occupation was "Real Estate, Insurance and Bank Executive." He reported gross income of $19,264.58 consisting of salaries from two banks, dividends, rents, commissions, capital gains and interest. His deductions, in the total amount of $18,411.17, included $426.91 "Court costs and attorney fees in connection with suit on foreclosure of Brown loan" and $15,875 "Bad debt loss (adverse decision by State Supreme Court rendering collection on real estate mortgage impossible due to technicality in law. Amount of loss determined by original cost of land *123 sold less all payments received on contract.)" The Commissioner, in determining the deficiency, disallowed both deductions and explained: "Bad debt was disallowed because it was determined to be bad in the year of 1934. Court Costs for attempted collection of non existant bad debt disallowed." The petitioner in May 1930 entered into a contract with Lester M. Brown for the sale to Brown of a farm, including depreciable property, in Hitchcock County, Nebraska, for $47,625, payable $2,625 in cash and the balance in semi-annual installments of $1,000 each with 6 per cent interest on the unpaid principal. Brown paid a total of $3,625 of the purchase price and interest for about one year and thereafter made no further payments. Brown, assisted by Allen, applied for and obtained in November 1934 loans of $5,000 and $2,500 from the Federal Land Bank and the Land Bank Commissioner. The approval conditions were that the proceeds of the two loans pay in full all of Brown's indebtedness except that secured by a chattel mortgage on his personal property, that Allen sign the notes as comaker, and that Allen convey some additional land to Brown. Brown executed and delivered to Allen on December 7, 1934 his *124 two notes for $18,000 each secured by a mortgage of $36,000 on the lands but the notes and the mortgage had to be surrendered in obtaining the loans of $7,500. The conditions of the loans were complied with and the proceeds of the loans were received by Allen. Thereafter, Brown made payments on the debts thus created. Brown executed and delivered to Allen his two demand notes for $18,000 each several years later as evidence and renewal of the indebtedness claimed by Allen to be due on the May 1930 contract for the sale of the farm. Allen returned those notes to Brown on February 24, 1942 and received one note from Brown for $18,000 secured by a mortgage on the farm. Allen assigned the note and mortgage to W. B. Abrahamson on November 3, 1945 for "One Dollar and other valuable consideration" and the latter, as owner, entered suit in the District Court of Hitchcock County, Nebraska, apparently in February 1947, to foreclose the mortgage. The District Court, in an opinion prior to May 5, 1947, found that Allen's claim against Brown "was extinguished by virtue of accepting the proceeds of the loans pursuant to the conditions required by the Federal Land Bank and Land Bank Commissioner; *125 that the subsequent notes of $18,000.00 each made and delivered to the creditor, J. P. Allen, about two or three years thereafter were executed and delivered without consideration; that the $18,000.00 note and mortgage dated February 24, 1942, involved in this action were executed and delivered without consideration and therefore unenforceable." The Court dismissed the action. The Court gave as its reason: "A payment or other performance by a third person, accepted by a creditor as full or partial satisfaction of his claim, discharges the debtor's duty in accordance with the terms on which the third person offered it." Restatement, Contracts, Sec. 421, Krause v. Swanson, 141 Neb. 256, 3 N.W. (2d) 407; Fender v. McCain, 144 Neb. 58, 12 N.W. (2d) 541. That opinion was affirmed by the Supreme Court of Nebraska, apparently on February 6, 1948. Allen testified in the foreclosure suit that the farm had cost him $18,000 and he "put on six or seven or eight thousand worth of improvements" but the record does not show Allen's adjusted basis for gain or loss on the property conveyed to Brown. Counsel for the Commissioner stated when the case was submitted *126 here that "Respondent is holding the Petitioner to strict proof that the debt in fact existed in 1948; that it had value at the beginning of that year and became worthless during that year." The petitioner argues that there never was a time prior to 1948 when he could have taken a deduction for his loss, but it is difficult to see how any right to a deduction survived the events of 1934. Cf. Luke & Fleming, Inc., 1 B.T.A. 12; Federal Fuel Co., 3 B.T.A. 814. Allen had agreed that nothing further was owed him by Brown in connection with the land and he then had nothing to show that any further amount was owed him. It was several years later that Brown gave him the two new notes for $18,000. But, regardless, of when, if ever, he could have taken a deduction of some kind, nevertheless, the record does not establish his right to the deduction claimed for 1948. The Nebraska Courts held that nothing was owed Allen after 1934, so that there was no debt. Furthermore, he had assigned his entire interest in the 1942 note and mortgage to Abrahamson prior to 1948 so that he had no rights whatsoever at the end of 1947 and none at any time in 1948, so far as this record *127 shows. All that happened in 1948 was that the Supreme Court of Nebraska apparently affirmed the lower court holding that Abrahamson could not foreclose and take the property from Brown. It does not appear that that decision affected the petitioner adversely or that a decision favorable to Abrahamson would have benefited the petitioner. The petitioner failed to show that any existing debt due him from Brown became worthless during 1948. The record is inadequate in other respects to show that the Commissioner erred in disallowing the deduction. The evidence is likewise inadequate to show that the petitioner is entitled to the deduction of $426.91 which he claimed on his return as "Court costs and attorney fees in connection with suit on foreclosure of Brown loan." There is no showing that the petitioner spent any amount in 1948 or why he would spend any amount for court costs and attorney fees in connection with the suit on foreclosure of the Brown loan since he had assigned his interest in the note and mortgage to another on November 3, 1945, was not a party to the foreclosure suit, and so far as this record shows, had no interest in the suit. He has failed to refer to any provision *128 fo the Internal Revenue Code which would allow him a deduction for 1948 under such circumstances. Decision will be entered for the respondent.